Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL ESPECIAL[1]

| | | |
|---|---|---|
| ASHFORD RFJ, INC.<br><br>Apelante<br><br><br>V.<br><br><br>JOSÉ ALFONSO RAMÍREZ DE ARELLANO y su esposa MAYRA TERESA CARLO y la Sociedad Legal de Gananciales constituida por ambos<br><br>Apelados | KLAN202400920 | Apelación procedente del Tribunal de Primera Instancia, Sala Superior de San Juan<br><br>Civil Núm. SJ2023CV00551<br><br>Sala: 603<br><br>Sobre:<br><br>Cobro de Dinero-Ordinario |

Panel integrado por su presidente, el Juez Rodríguez Casillas, el Juez Salgado Schwarz y el Juez Ronda Del Toro.

Salgado Schwarz, Carlos G., Juez Ponente

## SENTENCIA

En San Juan, Puerto Rico, a 2 de diciembre de 2024.

Comparece ante nos Ashford RJF Inc., ("Ashford" o "Apelante"), y nos solicita que revoquemos la *Sentencia* emitida el 5 de agosto de 2024 por el Tribunal de Primera Instancia, Sala Superior de San Juan ("TPI" o "foro apelado"). Mediante dicho dictamen, el TPI declaró **Ha Lugar** la *Moción de Desestimación por Falta de Jurisdicción* que presentó el matrimonio compuesto por José Alfonso Ramírez de Arellano y Mayra Teresa Carlo ("matrimonio Ramírez de Arellano-Carlo" o "Apelados"),

---

[1] El recurso fue asignado a este panel por virtud de lo dispuesto en la Orden Administrativa OAJP-2021-086, de 4 de noviembre de 2021, sobre Normas para la Asignación de Recursos Nuevos Previamente Presentados en el Tribunal de Apelaciones. Como consecuencia de la referida orden, este recurso, así como todo recurso futuro que surja del caso de referencia, pendiente ante el Tribunal de Primera Instancia, será atendido por los integrantes de este panel, quienes adjudicaron el correspondiente recurso anterior (KLCE202400288)

y, en consecuencia, desestimó **sin perjuicio** la *Demanda* sobre Cobro de Dinero que presentó Ashford.

Por los fundamentos que exponemos a continuación, confirmamos la *Sentencia* apelada.

-I-

El 24 de enero de 2024, Ashford presentó una *Demanda* sobre cobro de dinero ordinario contra el matrimonio Ramírez de Arellano-Carlo.[2] Expuso que el señor Ramírez de Arellano, como presidente de Condado Royal Palm Inc., ("Condado Royal"), suscribió un pagaré hipotecario a la orden del portador por la cantidad de $3,200,000.00 y un pagaré de caja por la misma cantidad. A su vez, señaló que Condado Royal garantizó la obligación contraída mediante un Acuerdo de Gravamen Mobiliario sobre el pagaré hipotecario, que también fue suscrito por el matrimonio Ramírez de Arellano-Carlo como garantizadores.

Sobre esta obligación, el Apelante arguyó que el matrimonio Ramírez de Arellano-Carlo no pagó los intereses vencidos, a pesar de los intentos que llevó a cabo para cobrar lo adeudado. Por consiguiente, solicitó que los Apelados le pagaran la suma principal de $3,200,000.00, además de $1,240,990.98, por concepto de intereses vencidos; $603,188.99, como penalidad adicional por el incumplimiento, y $320,000.00 por gastos, costas y honorarios de abogados.[3]

Oportunamente, el matrimonio Ramírez de Arellano-Carlo respondió a las alegaciones en su contra y negó adeudar dichas partidas.[4] Expuso que los referidos contratos se formalizaron con Condado Royal, persona

---

[2] Véase Apéndice del recurso apelativo, págs. 1-4.
[3] *Íd.*
[4] *Íd.*, págs. 67-72.

jurídica que no figura como parte del pleito incoado por Ashford. Indicó, además, que cualquier documento suscrito por Condado Royal "se relaciona a una obligación contingente cuya condición nunca se completó o materializó".[5]

Después de varias incidencias procesales, los Apelados presentaron una *Moción de Desestimación por Falta de Jurisdicción*. Señalaron que la deuda alegada no era exigible, debido a que el deudor principal, Condado Royal, presentó una petición de quiebra en la Corte de Distrito Federal para el Distrito de Puerto Rico y, a su vez, impugnó la obligación reclamada.[6] Por consiguiente, sostuvieron que la deuda no estaba vencida, ni era líquida y exigible. En consecuencia, tampoco se podía solicitar el pago de lo adeudado a los fiadores o garantizadores por ser una obligación accesoria y subsidiaria a la de Condado Royal.[7] También, arguyeron que bajo el principio de justiciabilidad, la controversia presentada por Ashford era prematura, carente de madurez, y no debía ser resuelta hasta que la Corte de Quiebras determinara la responsabilidad del deudor principal.[8]

El Apelante se opuso a la solicitud de desestimación.[9] Adujo que dicha moción era improcedente, pues el pagaré autenticado ante notario constituye evidencia *prima facie* de la deuda que se reclama y los fiadores o garantizadores pueden demandar al deudor antes de pagar.[10] Indicó, además, que "aun cuando la

---

[5] *Íd.*, pág. 67.
[6] *Íd.*, págs. 264-277.
[7] *Íd.*
[8] *Íd.*
[9] *Íd.*, págs. 278-359.
[10] *Íd.*, págs.283-284.

corte de quiebras resuelva que Condado no es deudor, no le aplica la doctrina de cosa juzgada a este Tribunal estatal, por no existir identidad de partes y además porque no se configura la *res judicata federal*, por ser legislación local la que se ventila".[11] Añadió que el TPI no estaba obligado a paralizar los procedimientos.

En una breve réplica, el matrimonio Ramírez de Arellano-Carlo reiteró que Condado Royal impugnó la referida deuda en la Corte de Quiebras.[12] De modo que, mientras el deudor principal no sea "condenado al pago de la deuda reclamada", el reclamo contra el matrimonio Ramírez de Arellano-Carlo es prematuro.[13]

Mediante una *Dúplica a Breve Réplica a Escrito Titulado: […]*, Ashford sostuvo que existe una obligación que surge de un pagaré y se presume que hubo justa compensación.[14] En consecuencia, señaló que el matrimonio Ramírez de Arellano-Carlo debe derrotar la presunción de legalidad que ostenta la obligación.[15]

Evaluadas las posiciones de las partes, el TPI decidió declarar Ha Lugar la *Moción de Desestimación por Falta de Jurisdicción* que presentó el matrimonio Rodríguez de Arellano-Carlo y, en consecuencia, desestimó sin perjuicio la acción incoada por Ashford.[16] Fundamentó su decisión en que la controversia ante su consideración era prematura, pues la validez de la deuda estaba pendiente de ser adjudicada por el foro federal[17]

Insatisfecho con lo resuelto, el Apelante presentó una *Solicitud de Reconsideración* en la que reafirmó su

---

[11] *Íd.*, pág. 285.
[12] *Íd.*, pág.361.
[13] *Íd.*
[14] *Íd.*, págs.363-367.
[15] *Íd.*
[16] *Íd.*, págs. 368-381.
[17] *Íd.*

posición en cuanto a la validez del cobro de la deuda reclamada.[18] Por su parte, el matrimonio Ramírez de Arellano-Carlo presentó su oposición. Expuso que la moción no cumplió con los requisitos de la Regla 47 de Procedimiento Civil[19], por lo que procedía se decretara sin lugar.[20] Ashford replicó a la oposición a la moción de reconsideración.[21]

Después de evaluar los planteamientos de las partes, el TPI acogió los fundamentos que presentaron los Apelados y decretó No Ha Lugar la petición del Apelante.[22]

Aun inconforme, Ashford acudió ante nosotros mediante el recurso de epígrafe, en el que señaló la comisión de los siguientes cuatro errores:

PRIMER ERROR:

ERRÓ EL HONORABLE TPI AL DESESTIMAR LA DEMANDA POR ENTENDER QUE LA CONTROVERSIA NO ESTÁ MADURA.

SEGUNDO ERROR:

ERRÓ EL HONORABLE TPI AL APLICAR LAS DISPOSICIONES DEL CAPÍTULO 371 DEL CÓDIGO CIVIL DE PUERTO RICO, 1930, SOBRE LA ACCESORIEDAD DE LA FIANZA CUANDO EL GARANTIZADOR ES UN DEUDOR SOLIDARIO.

TERCER ERROR:

ERRÓ EL HONORABLE TPI AL CONCLUIR QUE LA OBLIGACIÓN EVIDENCIADA POR EL PAGARÉ DE $3,200,000.00, NO ES UNA DEUDA QUE ESTÉ VENCIDA, LÍQUIDA Y EXIGIBLE MIENTRAS EL DEUDOR OBLIGACIONAL LA ESTÉ IMPUGNANDO.

CUARTO ERROR:

ERRÓ EL HONORABLE TPI AL APLICARLE AL PRESENTE CASO LAS DISPOSICIONES DEL CÓDIGO CIVIL EN VEZ DE APLICAR LA LEY DE TRANSACCIONES COMERCIALES.

---

[18] *Íd.*, págs. 382-395.
[19] 32 LPRA Ap. V, R. 47.
[20] Véase Apéndice del recurso apelativo, págs. 396-405.
[21] *Íd.*, págs. 407-409.
[22] *Íd.*, págs. 410-411.

-II-

### A. Cobro de Dinero

Para prevalecer en una reclamación en cobro de dinero, "[e]l demandante solo tiene que probar que existe una deuda válida, que la misma no se ha pagado, que él es el acreedor y los demandados sus deudores".[23]

Por otra parte, nuestro Tribunal Supremo ha expresado que únicamente pueden reclamarse por la vía judicial aquellas deudas que estén vencidas, líquidas y que sean exigibles.[24] Sobre el particular, se ha añadido que:

> […] El vocablo "líquida" en relación con una cuenta, en lenguaje corriente significa el saldo "o residuo de cuantía cierta que resulta de la comparación del cargo con la data". Y la voz "exigible" refiriéndose a una obligación, significa que puede demandarse su cumplimiento.[25]

Así pues, *la deuda es líquida por ser cierta y determinada*,[26] y exigible porque puede demandarse su cumplimiento.[27] Por lo que, "al alegarse que la cuenta es 'líquida y exigible' se están exponiendo hechos, a saber: *que el residuo de la cuantía ha sido aceptado como correcto por el deudor* y que está vencido".[28]

### B. Paralización Automática

La paralización automática es una de las protecciones que provee el Código de Quiebras para aquellos que se acogen a sus disposiciones, debido a que impide el comienzo o la continuación de cualquier proceso judicial, administrativo o de otra índole que se

---

[23] *General Electric v. Concessionaires, Inc.*, 118 DPR 32, 43 (1986).
[24] *RMCA v. Mayol Bianchi*, 208 DPR 100, 108 (2021).
[25] *Guadalupe v. Rodríguez*, 70 DPR 958, 966 (1950).
[26] *Ramos y otros v. Colón y otros*, 153 DPR 534, 546 (2001), citando a M.A. Del Arco Torres y M. Pons González, *Diccionario de Derecho Civil*, Navarra, Ed. Aranzadi, 1984, T. II, pág. 168; *Freeman v. Tribunal Superior*, 92 DPR 1, 25 (1965).
[27] *Guadalupe v. Rodríguez*, supra, pág. 966.
[28] (Énfasis suplido). *Íd.*

interponga contra el deudor. La paralización automática también frena cualquier acción cuyo derecho nació antes de que se iniciara la quiebra.[29]

La paralización automática surte efecto una vez se presenta una petición de quiebra, y se extiende hasta que se dicte la sentencia final.[30] El propósito de la paralización automática es detener los pleitos sobre reclamaciones monetarias que se estén llevando a cabo contra el deudor al momento en que se presenta la petición de quiebra, o aquellos que hayan comenzado antes de la presentación de la petición de quiebra.[31]

La paralización aplica de forma inmediata y automática en los pleitos, no importa la causa de la reclamación monetaria. Para que surta efecto, no se requiere una notificación formal, solo basta la presentación de la quiebra.[32] Por consiguiente, los tribunales estatales quedan privados de jurisdicción automáticamente y no pueden continuar atendiendo los casos en que exista una reclamación monetaria contra el deudor que presentó la petición de quiebra.[33]

De ordinario, la paralización automática no se extiende a terceros.[34] Por lo general, la misma "es exclusiva del deudor que se acoge a la quiebra".[35] Así, "[l]a responsabilidad de una persona que es codeudor, fiador o en alguna forma garantizador de un quebrado no

---

[29] *Allied Mgmt. Group v. Oriental Bank*, 204 DPR 374 (2020), citando a *Marrero Rosado v. Marrero Rosado*, 178 DPR 476, 490-491 (2010) y 11 USC sec. 362.
[30] *Íd.*
[31] 11 USCA sec. 362(a).
[32] *Marrero Rosado v. Marrero Rosado*, supra, pág. 491, citando a *Jamo v. Katahdin Fed. Credit Union*, 283 F.3d 392,398 (1er Cir. 2002).
[33] *Marrero Rosado v. Marrero Rosado*, supra; *Jamo v. Katahdin Fed. Credit Union*, supra.
[34] *Peerless Oil v. Hnos. Torres Pérez*, 186 DPR 239 (2012).
[35] *La Comisión de los Puertos de Mayagüez v. González Freyre*, 211 DPR 579 (2023).

se altera por la adjudicación en quiebra de este".[36] No obstante, en determinadas situaciones, un tribunal puede paralizar los procedimientos en contra de *codeudores* no amparados por la quiebra. Esto puede ocurrir cuando "'[e]xiste tal identidad entre el deudor y el tercero demandado de manera que podría decirse que el deudor es la parte demandada real y que una sentencia contra el tercero demandado constituirá, en efecto, una sentencia o resolución contra el deudor', ... o cuando el proceso contra los codemandados codeudores pueda reducir o minimizar 'la propiedad del deudor [como el fondo de seguro del deudor] en perjuicio de los acreedores del mismo como conjunto'".[37]

### C. La doctrina de justiciabilidad

La intervención de los tribunales está limitada a resolver controversias reales y definidas que afecten las relaciones jurídicas de partes antagónicas u opuestas.[38] La doctrina de justiciabilidad se manifiesta en distintas instancias que presentan retos específicos para el ejercicio de la autoridad judicial. Así, no será justiciable aquella controversia en la que: (1) se trata de resolver una cuestión política; (2) una de las partes no tiene legitimación activa; (3) después que ha comenzado el pleito, hechos posteriores la convierten en académica; (4) las partes buscan obtener una opinión consultiva; o (5) se promueve un pleito que no está maduro.[39]

---

[36] *Íd.*
[37] *Peerles Oil v. Hnos. Torres Pérez*, supra, a la pág. 268, citando a *A.H. Robins Co. v. Piccinin*, 788 F.2d 994 (4to Cir. 1986).
[38] *UPR v. Laborde Torres*, 180 DPR 253, 280 (2010).
[39] *Asoc. Fotoperiodistas v. Rivera Schatz*, 180 DPR 920, 932 (2011).

En cuanto a la doctrina de madurez, los tribunales debemos examinar si la controversia sustantiva planteada ante la consideración del tribunal está definida concretamente, de manera que nos permita evaluarla en sus méritos, y si el daño aducido es suficiente para requerir adjudicación.[40]

Un recurso judicial es prematuro cuando el asunto del cual se trata no está listo para adjudicación; esto es, cuando la controversia no está debidamente delineada, definida y concreta.[41] Como ha pronunciado reiteradamente el Tribunal Supremo de Puerto Rico, un recurso prematuro adolece del insubsanable defecto de privar de jurisdicción al Tribunal al cual se recurre.[42]

-III-

Para el Apelante la deuda que reclama es exigible contra el matrimonio Ramírez de Arellano-Carlo. Según expone, se trata de una controversia, definida, justiciable y madura para su adjudicación. Contrario a lo decidido por el TPI, la deuda está vencida, es líquida y exigible. Arguye que los Apelados renunciaron a la defensa de que la obligación no estaba vencida, ni era líquida y exigible cuando contestaron la demanda. Por ende, el TPI erró al desestimar su reclamo bajo este fundamento. Además, indica que, por tratarse del cobro de instrumentos negociables, cobijados por la Ley de Transacciones Comerciales,[43] la obligación que reclama no está sujeta a esta defensa.

Examinado cuidadosamente el expediente y las alegaciones de las partes, concluimos que no erró el TPI

---

[40] *Com. de la Mujer v. Srio de Justicia*, 109 DPR 715, 722 (1980).
[41] *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 98 (2008); *Juliá et al. v. Epifanio Vidal, S.E.*, 153 DPR 357, 366-367 (2001).
[42] *Juliá et al. v. Epifanio Vidal, S.E.*, supra, en la pág. 366.
[43] Ley Núm. 208-1995, 19 LPRA sec. 401, *et seq.*

al desestimar sin perjuicio el reclamo incoado por Ashford.

De entrada, surge que la cuantía y validez de la obligación que reclama el Apelante se encuentra pendiente de resolver en la Corte de Quiebra del Tribunal federal para el Distrito de Puerto Rico. Ante ello, no podemos concluir que la deuda reclamada es líquida y, por ende, exigible.[44] Por consiguiente, la controversia es prematura y no está lista para su adjudicación, como correctamente resolvió el TPI.[45]

El hecho de que Condado Royal haya impugnado la obligación que se reclama ante la Corte de Quiebra, priva de jurisdicción al foro apelado para determinar la responsabilidad del matrimonio Ramírez de Arellano-Carlo como garantizadores de la deuda.

-IV-

Por los fundamentos que anteceden, se confirma la *Sentencia* apelada.

Lo acordó el Tribunal y lo certifica la secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[44] *Guadalupe v. Rodríguez*, supra.
[45] *Torres Martínez v. Torres Ghigliotty*, supra; *Juliá et al. v. Epifanio Vidal, S.E.,* supra.