ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL IV

| | | |
|---|---|---|
| MILCA TORRES HERNÁNDEZ Y OTROS<br>Peticionario<br><br>v.<br><br>COLEGIO ROSA-BELL Y OTROS<br>Recurrido | KLCE202500127 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Bayamón<br><br>Caso Núm. BY2023CV00377<br><br>Sobre:<br>Daños y otros |

Panel integrado por su presidenta, la Jueza Cintrón Cintrón, la Jueza Rivera Marchand y la Juez Barresi Ramos

Rivera Marchand, Jueza Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 20 de marzo de 2025.

Comparece la señora Milca Torres Hernández (señora Torres Hernández), el señor Lemuel Ortiz Flores (señor Ortiz Flores), la sociedad legal de gananciales compuesta por ambos, A.G.O.T. y A.O.T. (en conjunto peticionarios) y solicitan la revocación de una *Resolución Interlocutoria* notificada el 26 de diciembre de 2024 por el Tribunal de Primera Instancia, Sala Superior de Bayamón (TPI o foro primario). En esta, el TPI dejó sin efecto la deposición del señor Hugo Durant y la señora Freya Antonmattei (matrimonio Durant-Antonmattei).

Por los fundamentos que exponemos a continuación, expedimos el auto de *certiorari* y revocamos el dictamen recurrido.

**I.**

Los peticionarios incoaron una demanda sobre daños y perjuicios contra el Colegio Rosa-Bell, el director, señor Eduardo Rodríguez, la Dueña de la Institución Rosa-Bell, la Señora de Tal, John Doe y la sociedad de gananciales compuesta por ambos, Decanos, señor Miguel F. Bido Puntiel, Jane Doe y la sociedad legal

Número Identificador

SEN2025_____

de gananciales compuesta por ambos (parte recurrida o recurridos), entre otros. En síntesis, alegaron que, la señora Torres Hernández laboraba como maestra de matemáticas y estudios supervisados en el Colegio Rosa-Bell (Colegio). Incidentes acaecidos entre el 2021 y 2022 propiciaron su renuncia a dicho empleo y su decisión de remover a sus dos hijas de continuar sus estudios en dicho Colegio. De sus alegaciones surge una relación de sucesos entre su hija A.G.O.T y otros estudiantes menores de edad por alegada violencia, agresiones, así como acoso escolar en el Colegio. En sus alegaciones identificó que, los menores identificados como L.A.M.B., L.M.B. y P.D.A. participaron de los sucesos y otros menores mencionados, presenciaron los eventos. En particular y atinente al recurso ante nos, destacaron que, el menor P.D.A., hijo del matrimonio Durant-Antonmattei, le colocó un compás en forma de pistola al lado del cuello de A.G.O.T y en otra ocasión le dio con un cuchillo (posiblemente plástico) a la pieza que aguanta el columpio donde A.G.O.T se encontraba y le dijo que si no se salía del columpio le iba meter con el cuchillo (posiblemente plástico). Luego le tiró con un peluche en la cara y le dijo que su mamá es una hija de puta.[1]

Tras una investigación realizada por la Administración del Colegio Rosa-Bell, se le hizo entrega de una carta a la señora Torres Hernández, la cual presuntamente era una amonestación por su conducta como empleada.[2] En su consecuencia y según lo expuesto, la señora Torres Hernández tuvo que renunciar a su empleo y removió a sus hijas del Colegio Rosa-Bell. A su entender, lo antes le causó daños emocionales y físicos a ella y a su familia, por lo que, consultó a un psicólogo.[3] Por todo lo antes, reclamó resarcimiento por daños y perjuicios sufridos, más gastos, costas y honorarios de abogado.

---

[1] Apéndice, págs. 40-41. Alegación núm. 4 de la Demanda, incisos 5 y 6.
[2] Apéndice, pág.43. Alegación núm. 4 de la Demanda, inciso 14.
[3] Apéndice, pág. 44.

La parte recurrida acreditó su alegación responsiva en la que negó las aseveraciones y presentó sus defensas afirmativas.[4] En particular, surge de la referida contestación que, la madre del menor P.D.A. presentó una queja en el Colegio por el método de enseñanza de la peticionaria, señora Torres Hernández. Además, como parte de lo expuesto, los recurridos narraron unos sucesos ocurridos en la entrada de las facilidades del Colegio entre el peticionario, señor Lemuel Ortiz Flores y el matrimonio Durant-Antonmattei. Ello, por reclamarle a los padres del menor P.D.A por la alegada conducta de su hijo contra A.G.O.T.[5]

Así las cosas y luego de superar incidencias procesales iniciales, el TPI autorizó el descubrimiento de prueba. Como parte del manejo de los asuntos ante su consideración, el TPI autorizó varias deposiciones. Ahora bien, a petición de los peticionarios, el foro primario emitió una *Orden* el 4 de noviembre de 2024, mediante la cual, ordenó a los padres del menor P.D.A., el señor Hugo Durant y la señora Freya Antonmattei, así como al menor P.D.A, a comparecer a la deposición pautada para el 12 de diciembre de 2024.[6] La referida *Orden* fue debidamente diligenciada el 4 de diciembre de 2024.[7]

En reacción, el matrimonio Durant-Antonmattei presentó una *Moción de Comparecencia Especial* en la que informaron (por conducto de su representación legal) que, no estaban disponibles en la fecha señalada, que no son partes en el caso, y que no tenían conocimiento personal de los hechos, por lo que solicitaron que se dejara sin efecto la citación. A lo antes, se unieron los recurridos.[8] Por su parte, los peticionarios se opusieron. Explicaron que, las deposiciones a tomarse al matrimonio Durant-Antonmattei y a su

---

[4] Apéndice, págs. 111-119. La Demanda fue enmendada el 15 de marzo de 2024.
[5] Apéndice, págs. 53-55, *Contestación a la Demanda y Defensas Afirmativas,* inciso e.
[6] Apéndice, pág. 180.
[7] Apéndice, pág. 181.
[8] Apéndice, págs. 182-193. Véase además pág. 195.

hijo menor P.D.A., eran importantes para el descubrimiento de prueba y su derecho a evidenciar los hechos de su causa. Destacaron que, surge de la demanda interpuesta, sucesos que involucran a P.D.A.; quien es menor, por lo que sus padres son partes con interés. Argumentaron que, el TPI debe garantizar su derecho a un descubrimiento liberal y amplio para delimitar controversias, facilitar la consecución de evidencia, evitar sorpresas en el juicio, perpetuar la prueba y facilitar la búsqueda de la verdad.[9]

Evaluado lo antes, el TPI emitió el dictamen recurrido. En este determinó que, procedía la deposición del menor P.D.A. Sin embargo, dejó sin efecto la deposición de sus padres, el señor Hugo Durant y la señora Freya Antonmattei. En su dictamen concluyó como un hecho incontrovertido que, el matrimonio Durant-Antonmattei no tiene conocimiento personal de las alegaciones, que dichas personas solo son los progenitores de P.D.A. y que los peticionarios no establecieron la pertinencia de la deposición. Insatisfecho, los peticionarios solicitaron reconsideración, la cual fue denegada mediante *Resolución Interlocutoria,* notificada el 9 de enero de 2025.

Inconforme aun, los peticionarios acuden ante esta Curia y señalan los siguientes errores:

> Erró el Tribunal de Primera Instancia al dejar sin efecto la deposición al matrimonio Durant-Antonmattei, padres del menor PDA.

> Erró el Tribunal de Primera Instancia al no tomar en cuenta la ley, el derecho aplicable y la jurisprudencia del Tribunal Supremo de Puerto Rico, de que las partes pueden hacer descubrimiento sobre cualquier materia relevante para el asunto en controversia, a los fines de garantizar una solución justa, rápida y económica del caso; además de que se ha adoptado la política de que el mismo debe ser amplio y liberal.

El 21 de febrero de 2025 mediante *Oposición del Recurrido a Recurso de Certiorari,* los recurridos se opusieron a la expedición del

---

[9] Apéndice, págs. 199-203.

auto de *certioriari.* Sostienen que, la pertinencia del testimonio del matrimonio Durant-Antonmattei se basa en meras especulaciones, con el fin de justificar las deposiciones fuera del término para concluir el descubrimiento de prueba. Añadieron que, la parte peticionaria no demostró qué evidencia posee sobre las causas de acción y el conocimiento personal que podrían tener los padres del menor P.D.A., que sea pertinente y material a la resolución de las controversias planteadas ante el foro primario.

Con el beneficio de la comparecencia de las partes, procederemos a resolver.

**II.**

**A. *Certiorari***

El recurso de *certiorari* es un auto procesal extraordinario por el cual un peticionario solicita a un tribunal de mayor jerarquía que revise y corrija las determinaciones de un tribunal inferior. *Rivera et al. v. Arcos Dorados et al.*, 212 DPR 194, 207 (2023); *Torres González v. Zaragoza Meléndez,* 211 DPR 821, 846-847 (2023). Es norma reiterada que, una resolución u orden interlocutoria, contrario a una sentencia, es revisable ante el Tribunal de Apelaciones mediante auto de *certiorari. Rivera et al. v. Arcos Dorados et al,* supra. A diferencia del recurso de apelación, el tribunal revisor tiene la facultad de expedir el auto de *certiorari* de manera discrecional. *Torres González v. Zaragoza Meléndez,* supra.

Por su parte, la Regla 52.1 de las Reglas de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, limita la facultad que tiene el foro apelativo intermedio para revisar las resoluciones u órdenes interlocutorias que emite el foro primario. *Caribbean Orthopedics v. Medshape, et al.*, 207 DPR 994 (2021). Esa regla establece que el recurso de *certiorari* solo se expedirá cuando se recurra de una resolución u orden bajo remedios provisionales de la Regla 56,

*injunctions* de la Regla 57 o de la denegatoria de una moción de carácter dispositivo. *Torres González v. Zaragoza Meléndez,* supra.

No obstante, la citada Regla 52.1, también dispone que el tribunal apelativo, en su ejercicio discrecional y por excepción, podrá expedir un recurso de *certiorari* cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, en asuntos relacionados a privilegios evidenciarios, en casos de anotaciones de rebeldía, en casos de relaciones de familia, en casos revestidos de interés público o en cualquier otra situación en la que esperar a una apelación constituiría un fracaso irremediable a la justicia. *Íd.* El delimitar la revisión a instancias específicas tiene como propósito evitar las "dilaciones innecesarias, el fraccionamiento de causas y las intervenciones a destiempo." *800 Ponce de León v. AIG,* 205 DPR 163, 191 (2020).

Por otro lado, el examen que hace este Tribunal previo a expedir un auto de *certiorari* no se da en el vacío ni en ausencia de otros parámetros. *Torres González v. Zaragoza Meléndez,* supra. A esos efectos, la Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40, señala los criterios que debemos tomar en consideración al evaluar si procede expedir el auto de *certiorari. Banco Popular de Puerto Rico v. Gómez Alayón y otros,* 2023 TSPR 145, resuelto el 19 de diciembre de 2023. La citada regla dispone:

> El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:
>
> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> (B) Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> (C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

(F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

El foro apelativo debe ejercer su facultad revisora solamente en aquellos casos en los cuales se demuestre que el dictamen emitido por el foro de instancia es arbitrario o constituye un exceso de discreción. *Banco Popular de Puerto Rico v. Gómez Alayón y otros,* supra.

## B. El descubrimiento de prueba y el manejo del caso ante el Tribunal de Primera Instancia

El funcionamiento efectivo de nuestro sistema judicial y la pronta disposición de los asuntos litigiosos hacen necesario que los jueces de instancia ostenten gran flexibilidad y discreción para lidiar diariamente con el manejo y la tramitación de los asuntos judiciales. *Banco Popular de Puerto Rico v. Gómez Alayón y otros,* supra. Es por ello que, a éstos se les ha reconocido poder y autoridad suficiente para conducir los asuntos litigiosos ante su consideración y para aplicar correctivos apropiados en la forma y manera que su buen juicio les indique. *In re Collazo I,* 159 DPR 141, 150 (2003). El Tribunal de Primera Instancia tiene el deber ineludible de garantizar que los procedimientos se ventilen sin demora, con miras a que se logre una justicia rápida y eficiente. *In re Pagani Padró,* 181 DPR 517, 529 (2011).

Como regla general, los foros revisores no intervendrán con el manejo del caso ante la consideración del TPI. *Citibank et al. v. ACBI et al.,* 200 DPR 724, 736 (2018). Siendo así, el Tribunal Supremo ha manifestado que los tribunales apelativos no deben intervenir con

determinaciones emitidas por el foro primario y sustituir el criterio utilizado por dicho foro en el ejercicio de su discreción, salvo que se pruebe que dicho foro actuó con prejuicio o parcialidad, incurrió en craso abuso de discreción, o que incurrió en error manifiesto. *Íd.* El ejercicio adecuado de la discreción se relaciona de manera estrecha con el concepto de razonabilidad. *Rivera y otros v. Bco. Popular,* 152 DPR 140, 155 (2000).

De otra parte, el descubrimiento de prueba en nuestra jurisdicción está regulado por la Regla 23 de las Reglas de Procedimiento Civil, 32 LPRA Ap. V, R. 23. El descubrimiento de prueba coloca a las partes y al tribunal en posición de: (1) precisar los asuntos en controversia; (2) obtener evidencia para ser utilizada en el juicio; (3) evitar sorpresas en esta etapa de los procedimientos; (4) facilitar la búsqueda de la verdad y; (5) perpetuar la evidencia. *Rivera et al. v. Arcos Dorados et al.,* supra. Es por ello, que, nuestro ordenamiento jurídico favorece una etapa de descubrimiento de prueba amplia y adecuada con el fin de evitar inconvenientes, sorpresas e injusticias por ignorancia de las cuestiones y los hechos realmente en litigio. *Medina v. M.S. & D. Química P.R., Inc.*, 135 DPR 716, 730 (1994). Como se sabe, el alcance del descubrimiento de prueba se limita a materia pertinente y no privilegiada. Regla 23.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 23.1; *McNeil Healthcare v. Mun. Las Piedras I*, 206 DPR 391, 406 (2021). La prueba pertinente que puede ser objeto de descubrimiento es aquella donde existe "una posibilidad razonable de relación con el asunto en controversia". *Medina v. M.S. &D. Química P.R., Inc.*, supra, pág. 731.

Cabe señalar que, el descubrimiento de prueba, a pesar de ser amplio y liberal, los foros de instancia gozan de una amplia discreción para regularlo, de manera que, se garantice una solución justa, rápida y económica. *Rivera et al. v. Arcos Dorados et al.*, supra.

A esos efectos, la Regla 37.3 de Procedimiento Civil, *supra,* faculta al foro primario a imponer sanciones económicas ante el incumplimiento de una parte con una orden de calendarización del TPI relacionada al descubrimiento de prueba, en ausencia de justa causa. *Íd.* De igual manera, el TPI podrá imponer sanciones más drásticas "luego de que se aperciba a la parte sobre las consecuencias del incumplimiento y se conceda un tiempo razonable para corregir la situación." *Íd.* (Énfasis omitido.)[10]

**III.**

En su recurso, los peticionarios nos solicitan que revoquemos la *Resolución Interlocutoria* mediante la cual, el foro primario dejó sin efecto la deposición del matrimonio Durant-Antonmattei, padres del menor P.D.A., y que, en consecuencia, ordenemos su comparecencia a la toma de deposición. Plantean que, el foro primario incidió al no tomar en cuenta la ley, el derecho aplicable y la jurisprudencia del Tribunal Supremo de Puerto Rico en torno al descubrimiento de prueba. Arguyeron que, las partes pueden hacer descubrimiento sobre cualquier materia relevante para el asunto en controversia, a los fines de garantizar una solución justa, rápida y económica del caso, además de que se ha adoptado la política de que el mismo debe ser amplio y liberal. Al no permitirle tomar la deposición al matrimonio Durant-Antonmattei coarta su derecho a realizar un descubrimiento de prueba completo y amplio, conforme lo establecen las Reglas de Procedimiento Civil. Además, el testimonio del matrimonio Durant-Antonmattei es pertinente al caso, pues en las alegaciones de la demanda se hace referencia a unos incidentes ocurridos con el menor P.D.A. y las menores co-demandantes, por lo que, la toma de una deposición es la única forma de conocer si los padres del menor P.D.A. tienen información

---

[10] Citando a J.A. Cuevas Segarra, *Tratado de derecho procesal civil*, 2da ed., Estados Unidos, Publicaciones JTS, 2011, Tomo III, págs. 1118-1119.

relevante sobre lo ocurrido. A su vez, señala que no existe perjuicio alguno para el matrimonio Durant-Antonmattei por acudir a contestar un interrogatorio dirigido a la búsqueda de la verdad.

Por su parte, la parte recurrida se opone a la expedición del auto de *certiorari*, por entender que, el foro primario actuó conforme a derecho. Sostienen que, los padres del menor P.D.A. no estuvieron presentes durante ninguno de los eventos señalados por la parte peticionaria en la demanda y que, incluso, del propio expediente disciplinario del menor P.D.A. no surge que haya ocurrido algún evento de acoso que haya sido protagonizado por este. Por ello, argumentan que, el matrimonio Durant-Antonmattei son terceras personas que no tienen ningún tipo de interés con relación a este litigio y que, el querer tomarle una deposición constituye un intento de hostigar o molestar a terceras personas, al igual que un intento de dilatar innecesaria e injustificadamente los procedimientos de este caso. Lo antes, debido a que los peticionarios no demostraron la pertinencia de los testimonios y que el valor probatorio de estos, excede el perjuicio indebido que causa el pretender tomar una deposición a terceras personas.

Hemos evaluado sosegadamente el recurso y colegimos que, ante la totalidad de las circunstancias procede nuestra intervención en esta etapa de los procedimientos. Bien es sabido que los tribunales de instancia son quienes están en mejor posición para determinar cuál debe ser el mejor manejo del caso ante su consideración y, a esos efectos, lo usual es aplicar la doctrina de autolimitación en las determinaciones que estén enmarcadas en la sana discreción para encaminar procesalmente los asuntos que tiene ante su consideración. Sin embargo, lo antes cede, si se prueba que el foro primario haya incurrido en un error de derecho o se haya apartado de los límites de su discreción en esta etapa de los procesos. Por ello, luego de evaluar cuidadosamente la totalidad del

expediente y los escritos de las partes determinamos que, procede expedir el auto de *certiorari,* conforme a la Regla 40(g) del Reglamento del Tribunal de Apelaciones, *supra,* y revocar el dictamen recurrido. Nos explicamos.

De la *Resolución Interlocutoria* recurrida se desprende que, el TPI fundamentó su dictamen en que, aun cuando el descubrimiento de prueba es amplio y liberal, este no puede convertirse en una expedición de pesca. A su vez, determinó que, la parte peticionaria no explicó la pertinencia de dichas deposiciones y destacó que, no se le ha coartado el derecho a realizar un descubrimiento de prueba amplio y liberal, pues se le ha permitido efectuarlo no solo en relación con las partes recurridas sino también con el menor P.D.A. Sin embargo, llama nuestra atención que el foro primario concluyó -sin más- que, el matrimonio Durant-Antonmattei <u>no tiene conocimiento personal</u> sobre las alegaciones de la demanda y que la relación de estos con el presente litigio se limita solo a que, son los padres del menor P.D.A. Erró el foro primario al así proceder.

En su dictamen, el TPI realizó determinaciones de hechos, al tomar como ciertas todas aquellas alegaciones contenidas en la moción de la parte recurrida relacionadas con que el matrimonio Durant-Antonmattei no tiene conocimiento personal alguno sobre las alegaciones de la demanda. Como se sabe, las alegaciones expuestas por los representantes legales no hacen prueba; ello, sin el beneficio de una declaración jurada, un interrogatorio jurado o una vista evidenciaria.

De otra parte, debemos recordar que, la prueba pertinente que puede ser objeto de descubrimiento es aquella donde existe "una posibilidad razonable de relación con el asunto en controversia". *General Electric v. Concessionaires, Inc.,* 118 DPR 32, 40 (1986). Por lo tanto, para que una prueba sea pertinente, a los fines del descubrimiento de prueba, solo debe tener una posibilidad

razonable de relación con el asunto en controversia. Nuestro más Alto Foro ha expresado también que "un amplio y liberal descubrimiento de prueba es la medula del esfuerzo de destruir de una vez y para siempre la deportiva teoría de justicia que tanto mina la fe del pueblo en el sistema judicial." *Íd.*, pág. 38.

Por ello, es preciso destacar que, de las alegaciones contenidas en la demanda surge el nombre del menor P.D.A. como parte con interés por alegados hechos con la menor A.G.OT. quien es co-demandante. Añádase a ello que, resulta evidente de una lectura de la contestación a la demanda que, la señora Antonmattei radicó una querella contra la señora Torres Hernández y, en otro momento, ocurrió un incidente entre el señor Lemuel Ortiz Flores y el matrimonio Durant-Antonmattei relacionado a los presuntos incidentes entre sus hijos P.D.A y A.G.OT. Lo antes, nos lleva a concluir que, el testimonio del matrimonio Durant-Antonmattei es pertinente al asunto en controversia. No es posible dictaminar que, los testimonios del matrimonio Durant-Antonmattei no guardarán relación con el asunto en controversia, sin tan siquiera conocer cuál será la naturaleza de su testimonio bajo juramento. Ello, con más razón, cuando se ha establecido que estos son los padres del menor P.D.A. y según surge de la alegación responsiva del Colegio, han ocurrido sucesos con los padres de A.G.O.T.

Además, el permitir la toma de la deposición les brindaría a los peticionarios la oportunidad de auscultar información relevante en torno al incidente con el menor P.D.A., al procedimiento disciplinario del Colegio y también les permitiría delimitar el asunto en controversia, en caso de que así sea necesario, conforme a lo obtenido en la deposición. Lo antes, resulta cónsono con la doctrina firmemente establecida que, un sistema liberal de descubrimiento de prueba facilita la tramitación de los pleitos, evita inconvenientes

y posibles sorpresas e injusticias. *General Electric v. Concessionaires, Inc.*, supra.

Por ello, ante este cuadro fáctico colegimos que, impedir el descubrimiento de prueba en esta etapa de los procesos constituiría un fracaso a la justicia.

En virtud de la normativa antes discutida, y conforme nos faculta la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra*, es necesario intervenir en esta etapa de los procesos en aras de evitar un perjuicio sustancial. A esos efectos, expedimos el auto de *certiorari* y revocamos el dictamen impugnado. En su consecuencia autorizamos la toma de deposición del señor Hugo Durant y de la señora Freya Antonmattei.

**IV.**

Por los fundamentos antes expuestos, expedimos el auto de *certiorari*, revocamos el dictamen impugnado y se devuelve el caso al Tribunal de Primera Instancia, Sala Superior de Bayamón, para la continuación de los procedimientos de conformidad con lo aquí resuelto.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones