<table>
<tr><td colspan="3" align="center">Estado Libre Asociado de Puerto Rico<br>TRIBUNAL DE APELACIONES<br>PANEL ESPECIAL</td></tr>
</table>

| PUERTO RICO INDUSTRIAL COMMERCIAL HOLDINGS BIOTECH CORP.<br><br>Recurrido<br><br>v.<br><br>TCG INVESTMENTS LLC<br><br>Peticionario | TA2025CE00333 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Ponce<br><br>Caso Número: PO2024CV02325<br><br>Sobre:<br><br>Cobro de dinero-ordinario e Incumplimiento de contrato |
|---|---|---|

Panel integrado por su presidenta, la Jueza Cintrón Cintrón, la Jueza Rivera Marchand y la Juez Barresi Ramos.

Rivera Marchand, Jueza Ponente.

**SENTENCIA**

En San Juan, Puerto Rico, a 19 de septiembre de 2025.

Comparece TCG Investments LLC (TCG o peticionario) y solicita la revisión de la *Resolución Interlocutoria* emitida y notificada el 18 de agosto de 2025 por el Tribunal de Primera Instancia, Sala Superior de Ponce, mediante la cual ordenó al peticionario a contestar interrogatorios y a producir documentos, que fueron previamente objetados.[1]

Por los fundamentos que se esbozan a continuación, expedimos el auto de *certiorari* y revocamos el dictamen recurrido.

**I.**

Puerto Rico Industrial Commercial Holdings Biotech Corp. (PRICH o recurrido) presentó una *Demanda Jurada* por incumplimiento de contrato y cobro de dinero en contra del peticionario.[2] En síntesis, sostuvo que se dedica al cultivo, manufactura y venta de productos de cannabis medicinal, así como

---

[1] SUMAC TPI, Entrada Núm. 61.
[2] *Íd.*, Entrada Núm. 1

a la operación de una red de dispensarios. Asimismo, esgrimió que TCG, quien también opera de una red de dispensarios de cannabis medicinal, es su cliente puesto que compra los productos de cannabis medicinal que PRICH vende de forma directa. Expuso que, desde el 2021 al 2023 PRICH ha emitido sesenta (60) facturas al peticionario por la venta de los referidos productos, las cuales no han sido satisfechas y ascienden a una suma no menor de $257,616.65. Asimismo, instó una *Moción Urgente de Embargo Preventivo en Aseguramiento de Sentencia.*[3] Adujo que existía una gran posibilidad de que TCG desaparecería los activos correspondientes al pago de la deuda, por lo que solicitó al TPI que anotara un embargo *ex parte* de todos los bienes muebles e inmuebles del peticionario en aseguramiento de la sentencia que se dictare en su día o, en la alternativa, que celebrara una vista de embargo. Igualmente, solicitó que se le eximiera de prestar fianza o que esta fuera mínima. Ese mismo día, el foro primario emitió y notificó una *Resolución* en la que denegó la solicitud de embargo presentada.[4]

Por su parte, TCG presentó una *Contestación a Demanda.*[5] En síntesis, negó las alegaciones de PRICH y cuestionó que existieran pagos adeudados. No obstante, lo anterior, nuevamente, el recurrido presentó una *Segunda Moción Urgente de Embargo Preventivo en Aseguramiento de Sentencia* en la que reiteró su solicitud de anotación de embargo.[6]

En reacción, el peticionario se opuso[7] y esencialmente, arguyó que la solicitud era improcedente en Derecho toda vez que no se fundamentaba el petitorio con evidencia fehaciente y tampoco

---

[3] SUMAC TPI, Entrada Núm. 7.
[4] *Íd.,* Entrada Núm. 8. Cabe señalar que dicho dictamen no fue objeto de revisión judicial.
[5] *Íd.,* Entrada Núm. 14.
[6] *Íd.,* Entrada Núm. 17.
[7] SUMAC TPI, Entrada Núm. 21.

aducía hechos específicos que acreditaran un riesgo real o inminente conforme exige la Regla 56 de Procedimiento Civil, 32 LPRA Ap. V, R. 56. En adición, señaló que una anotación de embargo le causaría serios perjuicios como el cese de sus operaciones, lo cual incidiría sobre el pago de salarios de sus empleados.

Evaluadas las posturas de ambas partes, el foro primario denegó la solicitud de anotación de embargo y dispuso sobre el calendario en la etapa de descubrimiento de prueba.[8]

Así las cosas y como parte de los asuntos relacionados al descubrimiento de prueba en curso, atinente al recurso ante nos, PRICH presentó una *Solicitud de Orden Protectora.*[9] En esencia, sostuvo que, recibió la contestación al interrogatorio y requerimiento de producción de documentos que cursó al peticionario, en la que este objetó varios interrogatorios. Expuso que, ante ello, le envió a TCG una misiva con relación a su contestación; no obstante, el peticionario le remitió una contestación enmendada en la que reafirmó sus objeciones.[10]

---

[8] *Íd.*, Entrada Núm. 24. Notificada el 26 de diciembre de 2024. Cabe destacar que, el 27 de enero de 2025, TCG acudió mediante recurso de *certiorari* ante esta Curia (recurso núm. KLCE202500070) para que revisáramos el señalamiento de la vista de remedios provisionales y mediante *Resolución* emitida y notificada el 13 y 14 de febrero de 2025, respectivamente, denegamos expedir el auto de *certiorari* solicitado.

[9] *Íd.,* Entrada Núm. 56.

[10] En específico, los interrogatorios impugnados por TCG objeto de la solicitud de orden protectora fueron los siguientes:

> Interrogatorio Número 9: Provea todos los [e]stados [f]inancieros [a]uditados de TCG Investments, LLC desde el 2019 a la fecha de hoy.
>
> Interrogatorio Número 10: Provea todos los [e]stados financieros de TCG Investments, LLC desde el 2019 a la fecha de hoy.
>
> Interrogatorio Número 11: Provea e identifique todas las cuentas de banco y/o cooperativa, incluyendo TuCoop, de TCG Investments, LLC desde el 2019 hasta la fecha de hoy. Incluya todos los [e]stados de [c]uenta desde esa fecha a la fecha de hoy.
>
> Interrogatorio Número 17: Provea todo el inventario de productos de cannabis medicinal en posesión de TCG Investments, LLC a la fecha de hoy.
>
> Interrogatorio Número 18: Provea el inventario de todos los bienes muebles en posesión de TCG Investments, LLC a la fecha de hoy.
>
> Interrogatorio Número 25: Provea un listado de todos los activos y pasivos de TCG Investments, LLC a la fecha de hoy.

Específicamente, señaló que el peticionario objetó a contestar y producir lo requerido, bajo la premisa de que constituía información impertinente a la causa de acción y no conducente a prueba admisible, así como que adolecía de amplitud y vaguedad excesiva.

Sobre lo anterior, PRICH sostuvo que la información solicitada estaba relacionada a la condición financiera de TCG y a su capacidad de satisfacer la deuda aducida, por lo que, consecuentemente, solicitó al TPI que ordenara al peticionario acreditar cumplimiento.

En respuesta, TCG presentó una *Moción en Cumplimiento de Orden y en Oposición a "Solicitud de Orden Protectora"*.[11] En síntesis, arguyó que la solicitud del recurrido constituía un intento de adelantar el descubrimiento de su condición económica, lo cual no era un asunto pertinente en las acciones de cobro de dinero. Especificó que no procedía emitir la denominada "orden protectora" a favor de PRICH, tomando en consideración que, en *General Electric v. Concessionaires, Inc.*, 118 DPR 32 (1986), el Tribunal Supremo de Puerto Rico resolvió que, por regla general, en las acciones de cobro de dinero no procede el descubrimiento sobre la condición

---

Interrogatorio Número 28: Provea un listado de todos los acreedores de TCG Investments, LLC a la fecha de hoy con la cuantía adeudada, nombre de la parte o entidad con la acreencia, y fecha desde que la misma está líquida, vencida y exigible.

Interrogatorio Número 29: Provea un listado de todas las [d]emandas y/o reclamaciones extrajudiciales que haya recibido TCG Investments, LLC desde su creación a la fecha de hoy, incluyendo todas las [d]emandas o reclamaciones extrajudiciales por concepto de cobro de dinero.

Interrogatorio Número 31: Provea un listado de todas las órdenes de compra de TCG Investments, LLC a PRICH para productos de cannabis medicinal para las fechas relevantes a la Demanda, incluyendo hasta la fecha de hoy.

SUMAC TPI, Entrada Núm. 56, Anejo *Contestación Enmendada*, págs. 6-8, 10-11 y 13.

(Énfasis nuestro).

[11] SUMAC TPI, Entrada Núm. 60.

económica de un demandado cuando ello no está en controversia ni guarda relación con los elementos de la causa de acción. Asimismo, adujo que el Alto Foro judicial ha determinado que los elementos de la causa de acción de cobro de dinero se circunscriben a la existencia de una deuda válida, su impago y la relación acreedor-deudor entre las partes, mas no incluye si el deudor tiene bienes para satisfacer la deuda.

En adición, planteó que, en el presente caso, la evidencia pertinente es aquella que demuestre la existencia de la obligación alegada, el cumplimiento contractual de PRICH, la entrega y aceptación de los productos por parte de TCG, la falta de pago de las facturas reclamadas y la cuantía de la deuda líquida, vencida y exigible. Ello, según esgrimió, incluía los contratos entre ambos, las órdenes de compra emitidas por TCG, las facturas correspondientes al periodo reclamado, los recibos emitidos, los registros contables que reflejen la alegada deuda y cualquier comunicación entre las partes relativa a la facturación, entrega o cobro.

Sobre tales bases, TCG suplicó al TPI que denegara el petitorio promovido por PRICH y en su lugar emitiera la orden protectora a favor de TCG reconociendo así que, el alcance legítimo del descubrimiento de prueba se limita a la información relacionada a la existencia, cuantía y exigibilidad de la deuda objeto de este litigio.

Justipreciado lo antes, el foro primario emitió y notificó la *Resolución Interlocutoria* recurrida en la que ordenó al peticionario contestar, dentro del término de quince (15) días, los interrogatorios y requerimientos de documentos previamente objetados.[12]

Inconforme, TCG acude ante nos mediante el presente recurso de *certiorari* e imputa al foro *a quo* la comisión del siguiente error:

**ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL ORDENAR A TCG INVESTMENTS LLC CONTESTAR EN QUINCE (15) DÍAS LOS INTERROGATORIOS Y**

---

[12] SUMAC TPI, Entrada Núm. 61.

**REQUERIMIENTOS OBJETADOS, DISPONIENDO LA DIVULGACIÓN DE INFORMACIÓN FINANCIERA CONFIDENCIAL IMPERTINENTE EN UN PLEITO DE COBRO DE DINERO. ESTA DECISIÓN ES TOTALMENTE CONTRARIA A GENERAL ELECTRIC V. CONCESSIONAIRES, INC., 118 DPR 32 (1986), DONDE SE RESOLVIÓ QUE LA CONDICIÓN ECONÓMICA DEL DEMANDADO NO ES MATERIA PERTINENTE DE DESCUBRIMIENTO PREVIO A SENTENCIA. AL OBVIAR ESA NORMA VINCULANTE, EL FORO RECURRIDO AUTORIZÓ UN DESCUBRIMIENTO HOSTIGATORI QUE PROVOCA UN DAÑO IRREPARABLE E INMINENTE, PUES LA INFORMACIÓN, UNA VEZ PRODUCIDA, NO PUEDE SER RESGUARDADA.**

Junto con su recurso, el peticionario presentó una *Moción de Orden Provisional en Auxilio de Jurisdicción* mediante la cual solicitó la paralización de la orden recurrida, así como los términos allí establecidos.[13] Ese mismo día, emitimos y notificamos una *Resolución* en la que concedimos la solicitud en auxilio de jurisdicción y ordenamos la paralización de los procedimientos ante el TPI.[14] Asimismo, le ordenamos a PRICH un término de diez (10) días para exponer su alegato. Sin embargo, a pesar de habérsele apercibido del término que tenía para acreditar cumplimiento, este no acreditó escrito alguno, por lo que, según advertido, procedemos a resolver sin el beneficio de su comparecencia.

## II.

### A. El recurso de *certiorari*

El recurso de *certiorari* es un auto procesal extraordinario por el cual un peticionario solicita a un tribunal de mayor jerarquía que revise y corrija las determinaciones de un tribunal inferior. *Rivera et al. v. Arcos Dorados et al.*, 212 DPR 194, 207 (2023); *Torres González v. Zaragoza Meléndez*, 211 DPR 821, 846-847 (2023). Es norma reiterada que, una resolución u orden interlocutoria, contrario a una sentencia, es revisable ante el Tribunal de Apelaciones mediante auto de *certiorari. Rivera et al. v. Arcos Dorados et al.,* supra. A diferencia del recurso de apelación, el tribunal revisor tiene la

---

[13] SUMAC TA, Entrada Núm. 2.
[14] *Íd.*, Entrada Núm. 3.

facultad de expedir el auto de *certiorari* de manera discrecional. *Torres González v. Zaragoza Meléndez,* supra.

Por su parte, la Regla 52.1 de las Reglas de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, limita la facultad que tiene el foro apelativo intermedio para revisar las resoluciones u órdenes interlocutorias que emite el foro primario. *Caribbean Orthopedics v. Medshape, et al.*, 207 DPR 994 (2021). Esa regla establece que el recurso de *certiorari* solo se expedirá cuando se recurra de una resolución u orden bajo remedios provisionales de la Regla 56, *injunctions* de la Regla 57 o de la denegatoria de una moción de carácter dispositivo. *Torres González v. Zaragoza Meléndez,* supra.

No obstante, la citada Regla 52.1, también dispone que el tribunal apelativo, en su ejercicio discrecional y por excepción, podrá expedir un recurso de *certiorari* cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, en asuntos relacionados a privilegios evidenciarios, en casos de anotaciones de rebeldía, en casos de relaciones de familia, en casos revestidos de interés público o en cualquier otra situación en la que esperar a una apelación constituiría un fracaso irremediable a la justicia. *Íd.* El delimitar la revisión a instancias específicas tiene como propósito evitar las "dilaciones innecesarias, el fraccionamiento de causas y las intervenciones a destiempo." *800 Ponce de León v. AIG*, 205 DPR 163, 191 (2020).

Por otro lado, el examen que hace este Tribunal previo a expedir un auto de *certiorari* no se da en el vacío ni en ausencia de otros parámetros. *Torres González v. Zaragoza Meléndez,* supra. A esos efectos, la Regla 40 del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, señala los criterios que debemos tomar en consideración al evaluar si procede expedir el auto de *certiorari. BPPR v. SLG Gómez-López,* 213 DPR 314 (2023). La citada regla dispone:

El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:

(A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

(B) Si la situación de hechos planteada es la más indicada para el análisis del problema.

(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

(F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

El foro apelativo debe ejercer su facultad revisora solamente en aquellos casos en los cuales se demuestre que el dictamen emitido por el foro de instancia es arbitrario o constituye un exceso de discreción. *Íd.* A tenor de la Regla 11(C) de nuestro Reglamento, *supra,* cuando la citada Regla 52.1 impida expedir el auto de *certiorari,* procede denegar su expedición.

## B. El descubrimiento de prueba

El descubrimiento de prueba en nuestra jurisdicción está regulado por la Regla 23 de las Reglas de Procedimiento Civil, 32 LPRA Ap. V, R. 23. Nuestro ordenamiento jurídico favorece una etapa de descubrimiento de prueba amplia y liberal, con el fin de evitar inconvenientes, sorpresas e injusticias por ignorancia de las cuestiones y de los hechos realmente en litigio. *Consejo de Titulares del Condominio Parques de Cupey y otros v. Triple-S Propiedad, Inc.,* 2025 TSPR 82, resuelto el 15 de agosto de 2025. El descubrimiento de prueba coloca a las partes y al tribunal en posición de: (1)

precisar los asuntos en controversia; (2) obtener evidencia para ser utilizada en el juicio; (3) evitar sorpresas en esta etapa de los procedimientos; (4) facilitar la búsqueda de la verdad y; (5) perpetuar la evidencia. *Torres González v. Zaragoza Meléndez*, 211 DPR 821 (2023). De manera que, el foro de instancia deberá sopesar el derecho de las partes a realizar un amplio descubrimiento de prueba y, al mismo tiempo, velar por la pronta solución de las controversias. *Consejo de Titulares del Condominio Parques de Cupey y otros v. Triple-S Propiedad, Inc.,* supra.

Ahora bien, el descubrimiento de prueba, a pesar de ser amplio y liberal, se limita a materia pertinente y no privilegiada. Regla 23.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 23.1; *Íd.* La prueba pertinente que puede ser objeto de descubrimiento es aquella donde existe "una posibilidad razonable de relación con el asunto en controversia". *Torres González v. Zaragoza Meléndez,* supra. El Alto Foro ha provisto ejemplos de lo que se considera prueba pertinente, para propósitos de descubrimiento de prueba, a saber:

> (a) prueba que sea admisible en el juicio; (b) hechos que puedan servir para descubrir evidencia admisible; (c) datos que puedan facilitar el desarrollo del proceso; (d) admisiones que puedan limitar las cuestiones realmente litigiosas entre las partes; (e) datos que puedan servir para impugnar la credibilidad de los testigos; (f) hechos que puedan usarse para contrainterrogar a los testigos de la otra parte; (g) nombres de los testigos que la parte interrogada espera utilizar en el juicio. *McNeil Healthcare v. Mun. Las Piedras II*, 206 DPR 659, 674 (2021),

De otra parte, la materia privilegiada es aquella que puede ser excluida del descubrimiento por políticas extrínsecas o por algún privilegio reconocido en las Reglas de Evidencia, 32 LPRA Ap. VI. *Consejo de Titulares del Cond. Parques de Cupey v. Triple-S Propiedad, Inc.*, supra. En ese sentido, y por consideraciones de interés público, la materia privilegiada excluye actos, hechos o comunicaciones que de lo contrario serían pertinentes y descubribles. *Íd.*

Corresponde a los foros judiciales velar porque el descubrimiento de prueba no sea perturbador, hostil, opresivo o cause gastos o molestias indebidas. *Íd.; Rodríguez v. Syntex,* 160 DPR 364, 394-395 (2003). En aras de evitar lo anterior, procede que los foros judiciales limiten el alcance y los mecanismos a utilizar en el proceso de descubrimiento de prueba. *Consejo de Titulares del Cond. Parques de Cupey v. Triple-S Propiedad, Inc.,* supra. Para ello, las órdenes protectoras pueden ser la respuesta a objeciones de las partes, sustentadas en aspectos de onerosidad, opresión, privilegio u otras razones válidas. Regla 23.2 de Procedimiento Civil, *supra*; *Ortiz Rivera v. E.L.A., National Ins. Co.,* 125 DPR 65, 70-71 (1989). Estas persiguen contrarrestar el uso excesivo, repetitivo y desproporcionado de los métodos de descubrimiento de prueba. *Íd.*

Sobre este tema, la Regla 23.2, *supra,* dispone:

(a) El tribunal, a iniciativa propia o a solicitud de parte, podrá limitar el alcance de los métodos de descubrimiento de prueba si determina lo siguiente: (i) que la prueba que se pretende descubrir es un duplicado de otra prueba o es irrazonablemente acumulativa; (ii) que la prueba puede obtenerse mediante otra forma más conveniente, menos onerosa y costosa para la parte a quien se le solicita; (iii) que la parte que solicita la prueba haya tenido oportunidad de obtenerla, o (iv) que los costos para obtener la prueba exceden el beneficio que ésta puede aportar al caso.

(b) A solicitud de una parte o de la persona en relación con la cual se utiliza el descubrimiento, presentada mediante moción acompañada de una certificación indicativa de que ésta ha intentado de buena fe resolver la controversia sobre el descubrimiento conforme lo dispuesto en la Regla 34.1, y por justa causa, el tribunal podrá emitir cualquier orden que se requiera en justicia para proteger a dicha parte o persona de hostigamiento, perturbación u opresión, así como de cualquier molestia o gasto indebido. [...]

Pertinente a la controversia ante nos, en *General Electric v. Concessionaires, Inc.,* supra, el Tribunal Supremo de Puerto Rico resolvió la interrogante de si, en una acción en cobro de dinero en donde no se ha puesto en controversia la condición económica de una parte, es pertinente y procede el descubrimiento de prueba

sobre dicha condición. En términos generales, el Máximo Foro judicial contestó que "el descubrimiento de prueba relacionado con la condición económica de alguna de las partes no deberá permitirse, excepto cuando dicha condición esté en controversia, y *aun en esas circunstancias el tribunal podrá limitarlo a aquello que sea estrictamente necesario.*" *General Electric v. Concessionaires, Inc.*, supra, pág. 43. (Énfasis nuestro.)

Ahora bien, específicamente en cuanto a las acciones de cobro de dinero, el Alto Foro señaló que el descubrimiento de prueba sobre las transacciones económicas del deudor con terceras personas no procede cuando esa información no es pertinente o no guarda relación con la causa de acción. *Íd.* "El demandante sólo tiene que probar que existe una deuda válida, que la misma no se ha pagado, que él es el acreedor y los demandados sus deudores." *Íd.* Asimismo, añadió que "*[e]l derecho vigente no exige como elemento de una acción de cobro que el deudor tenga bienes para pagar la sentencia.*" *Íd.*, págs. 43-44 (Énfasis nuestro.) Sin embargo, el Tribunal Supremo allí aclaró que "[e]l descubrimiento solicitado *podría quizás proceder como un incidente relacionado con la solicitud de un remedio provisional al amparo de la Regla 56 de Procedimiento Civil, 32 LPRA Ap. III, o en auxilio de la ejecución de una sentencia que declare deudor al demandado.*" *Íd.*, pág. 44 (Citas omitidas.) (Énfasis suplido).[15]

Así pues, "[s]i la condición económica de la parte no se relaciona con la causa de acción, la misma no puede ser objeto de descubrimiento, salvo en incidente de aseguramiento de sentencia o

---

[15] Cabe destacar que la Regla 51.4 de Procedimiento Civil, 32 LPRA Ap. V, R. 51.4, expresamente permite el descubrimiento de prueba sobre la condición económica en la etapa procesal de la ejecución de sentencia de una acción de cobro. En lo pertinente, la referida regla dispone lo siguiente:

> El acreedor o la acreedora declarado por sentencia, o su cesionario o cesionaria, podrá interrogar, en auxilio de la sentencia o de su ejecución, a cualquier persona, incluso al deudor declarado o deudora declarada por sentencia, de acuerdo con lo dispuesto en estas reglas para la toma de deposiciones. [...]

de ejecución de sentencia." R. Hernández Colón, *Práctica Jurídica de Puerto Rico, Derecho Procesal Civil*, 6ta. ed., San Juan, LexisNexis, 2017, pág. 337 (Cita depurada).

En cuanto a los planteamientos que se arguyeron en *General Electric v. Concessionaires, Inc.*, supra, el Tribunal Supremo enfatizó que:

> Los argumentos del demandante . . . de que 'interesa cobrar su acreencia y no litigar un pleito hasta sus últimas consecuencias si sabe de antemano la imposibilidad de cobrar', y que por lo tanto debe permitirse el descubrimiento de la información económica del codemandado . . . no son hechos pertinentes para fines del descubrimiento de prueba en este caso. Ese descubrimiento, además de no ser pertinente, constituiría hostigamiento, perturbación y molestias indebidas. *General Electric v. Concessionaires, Inc.*, supra, pág. 44.

Finalmente, ha sido reiterado que el Tribunal de Primera Instancia tiene amplia discreción para regular la etapa del descubrimiento de prueba, "pues es su obligación garantizar una solución justa, rápida y económica del caso, sin ventajas para ninguna de las partes". *Consejo de Titulares del Cond. Parques de Cupey v. Triple-S Propiedad, Inc.*, supra. Al mismo tiempo, los foros apelativos no debemos interferir con las determinaciones interlocutorias de los tribunales de instancia, salvo que quede demostrado que dicho foro actuó con prejuicio o parcialidad, abusó de su discreción o se equivocó en la interpretación o aplicación de una norma procesal o sustantiva. *Torres González v. Zaragoza Meléndez*, supra. Lo anterior, a la luz de la Regla 52.1 de las Reglas de Procedimiento Civil, *supra*.

Expuesto el marco jurídico aplicable, procedemos a resolver del presente asunto.

### III.

El peticionario señala que, el TPI incidió al permitir el descubrimiento de cierta información solicitada por PRICH. Específicamente, esgrime que la información en cuestión se relaciona a su condición económica, la cual no conduce a evidencia

que pueda ser pertinente a una acción de cobro y admisible en juicio, lo cual, además, ha sido proscrito por la jurisprudencia aplicable. Le asiste la razón.

Surge del expediente ante nos que, PRICH fundamentó su petitorio en que era necesario obtener información relacionada a la condición financiera de TCG y su capacidad de pago para probar la causa de acción sobre cobro de dinero.

En específico, el recurrido indicó lo siguiente en su solicitud de orden protectora:

> 12. [...] [A]l presente, TCG se ha negado a proveer información básica, pertinente y necesaria para que PRICH pueda proseguir con el trámite de su reclamación de cobro de dinero de la manera más adecuada posible y con toda la información a su haber, *incluyendo aquella relacionada a la condición financiera de su deudor.*
>
> 13. PRICH no ha solicitado ningún requerimiento opresivo, impropio, irrazonable o irrelevante, sino todo lo contrario. Todos los requerimientos están relacionados a la deuda reclamada y *la capacidad de pago del deudor.*[16]

Ello, precisamente, fue vedado en nuestro ordenamiento jurídico por el Tribunal Supremo en el caso *General Electric v. Concessionaires, Inc.,* supra. No obstante, dicha limitación no es absoluta. Como vimos, el descubrimiento de prueba acerca de la condición económica de una parte en una acción de cobro de dinero podría ser permitido si la capacidad económica estuviera en controversia, en cuyo caso el foro primario podría, igualmente, limitarlo a lo estrictamente necesario.

Ciertamente y luego de analizar sosegadamente la totalidad del expediente colegimos que, el presente caso no es uno en el que la condición económica del peticionario sea un elemento de la causa de acción. En ese sentido, no procedería el descubrimiento de prueba sobre su condición económica por ser impertinente. Asimismo, no surge del expediente que la condición económica de

---

[16] SUMAC TPI, Entrada Núm. 56, pág. 5 (énfasis nuestro).

TCG esté en controversia, de manera que tampoco se permitiría el descubrimiento de lo solicitado bajo ese fundamento.

Específicamente, PRICH solicita que TCG le provea los datos de sus estados financieros auditados y no auditados, sus cuentas financieras con sus respectivos estados de cuenta, sus inventarios de productos de cannabis y bienes muebles, un listado de todos sus activos y pasivos, de sus acreedores y deudas, así como de las demandas y reclamaciones extrajudiciales que haya recibido.[17] De lo antes concluimos que, PRICH interesa descubrir información acerca de la condición económica y comercial, así como del historial contencioso del peticionario. Nada de lo anterior resulta pertinente a la sustancia o controversia de la causa de acción incoada, ni razonablemente conducirá a descubrir otra evidencia pertinente y admisible en la acción de cobro de dinero, pendiente ante el foro primario.

Por otro lado, el recurrido también cuestionó la objeción hecha por el peticionario a su solicitud de que proveyera el listado de todas las órdenes de compra de productos de cannabis medicinal que, TCG le realizó a PRICH en las fechas pertinentes a la causa de acción. Específicamente, la objeción hecha por TCG fue la siguiente:

> i. Se objeta la presente interrogante en su totalidad por improcedente, toda vez que la información solicitada se encuentra bajo la posesión y control de la parte demandante, dado que dichos documentos corresponden a transacciones entre ambas partes. En consecuencia, la parte demandada no está obligada a producir información que la parte demandante ya posee o puede obtener con igual facilidad. No obstante, <u>véase listado de documentos anejados</u>.[18]

El peticionario cuestiona la pertinencia de lo solicitado por ser repetitivo y por entender que ya satisfizo el requerimiento de PRICH.

---

[17] *Véase* SUMAC TPI, Entrada Núm. 56, Anejo *Contestación Enmendada*, Interrogatorios Núm. 9-11, 17-18, 25, y 28-29, págs. 6-8, y 10-11.

[18] SUMAC TPI, Entrada Núm. 56, Anejo *Contestación Enmendada* a *Primer Pliego Interrogatorio y Requerimiento de Producción De Documentos*, Interrogatorio Núm. 31, pág. 13 (negrillas omitidas).

Además, aduce que las órdenes solicitadas por el recurrido ya obran en su poder, surgen de las propias alegaciones y las transacciones comerciales que ambas partes han tenido entre sí. En su consecuencia, nos resulta razonable concluir que, lo anterior constituye una justa causa para sostener la objeción de TCG.

Luego de un análisis sosegado del recurso ante nos, y dentro del marco jurídico antes enunciado disponemos que, el foro primario incidió en su proceder al ordenar la producción de los documentos objetados por TCG. Ante ello, procedemos al amparo de la Regla 40, *supra*, a expedir el auto de *certiorari* y revocar la *Resolución Interlocutoria* emitida por el TPI.

## IV.

Por los fundamentos que anteceden, expedimos el auto de *certiorari,* revocamos la *Resolución Interlocutoria* recurrida y ordenamos la expedición de la orden protectora según solicitada por el peticionario, a favor de TCG Investments, LLC. En adición, dejamos sin efecto la orden de paralización y devolvemos el caso para la continuación de los procedimientos conforme a lo aquí resuelto.

**Notifíquese inmediatamente.**

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones