Leon JOHNSON, Plaintiff,

v.

W. H. STEWART COMPANY, an Oklahoma Corporation, Defendant.

No. CIV–75–0540–D.

United States District Court, W. D. Oklahoma.

Aug. 5, 1976.

Grover L. Miskovsky, Oklahoma City, Okl., for plaintiff.

John C. Harrington, Jr., Oklahoma City, Okl., for defendant.

## ORDER

DAUGHERTY, Chief Judge.

Plaintiff brought this action alleging that Defendant has engaged in racial discrimination in employment in violation of Title VII of the 1964 Civil Rights Act. Jurisdiction of this Court is invoked pursuant to § 706(f) of Title VII, as amended, and 42 U.S.C. § 2000e et seq. Plaintiff requests an Order restraining the Defendant from all discriminatory practices and requiring Defendant to institute an affirmative action program to recruit blacks in all positions. Plaintiff further seeks an award of back pay with interest, punitive damages in the amount of $50,000, costs of the action, and reasonable. attorneys' fees.

In the course of discovery Plaintiff submitted to Defendant a set of sixty-five interrogatories. The Defendant has objected to a number of the interrogatories, has filed a brief in support of its objections, and has answered those interrogatories to which it has not objected. Plaintiff has also submitted to Defendant eleven supplemental interrogatories. Defendant has objected to all eleven of the supplemental interrogatories, providing reasons for same. Plaintiff has now filed a Motion to Compel Answers to Interrogatories and Assessment of Attorneys' Fees and Costs. The Court will now consider same.

The Court will consider Plaintiff's interrogatories in three categories: financial information, scope of discovery concerning discrimination, and affirmative action of Defendant.

## Financial Information

Interrogatory Number 5 requests the net worth of the Defendant as of December 31, 1975. Interrogatory Number 6 requests the net income before taxes of the Defendant for the years 1969 through 1975. Defendant objects to both interrogatories but also maintains that even in the event the Plaintiff is entitled to financial information on the basis of a possible award of punitive damages the Plaintiff is entitled to an answer only to Number 5 and not to Number 6.

Plaintiff is not entitled to an award of punitive damages under Section 706(g) of the Civil Rights Act of 1964, 42 U.S.C. § 2000e–5(g). *Equal Employment Op. Com'n v. Detroit Edison Co.*, 515 F.2d 301 (Sixth Cir. 1975). The Court sustains the objections to interrogatories number 5 and number 6.

## Scope of Discovery Concerning Discrimination

Defendant objects to interrogatories number 7, 8, 9, 11, 12, 22–41, 45–58 and supplemental interrogatories 1–11 on the grounds that they are not relevant to the issues before the Court. These questions seek answers that would tend to establish the pattern, if any, of the Defendant's alleged discriminatory practices. The Defendant argues that:

"the sole proper issue before this Court is whether the defendant Company discriminated against the plaintiff, Johnson, on or about March 20, 1974, and the racial constituency of defendant's entire work force is not material and this information is not reasonably calculated to lead to the discovery of admissible evidence."

This Court has already found in its Order of December 4, 1975, that:

"A complaint in a civil rights action brought pursuant to 42 U.S.C. § 2000e cannot be based wholly on new derelictions not presented to or considered by the Equal Opportunity Employment Commission. *Willis v. Chicago Extruded Metals Co.*, 375 F.Supp. 362 (N.D.Ill.1974). But it may encompass any discrimination like or reasonably related to the charge presented to the Equal Opportunity Employment Commission. *Oubichon v. North American Rockwell Corporation*, 482 F.2d 569 (Ninth Cir. 1973) . . ."

In addition to permitting a complainant to sue for other similar acts of discrimination not brought before the Equal Opportunity Employment Commission the Courts have allowed complainants to offer as evidence information concerning the employment practices of the Defendant in an effort to prove a pattern or practice of discrimination. *Robinson v. City of Dallas*, 514 F.2d 1271 (Fifth Cir. 1975).

In view of the broad scope of discovery permitted in federal courts and the potential relevance of the information to be derived from the answers to these interrogatories the objections to the above mentioned interrogatories, with respect to discovery of information concerning Defendant's employment practices, are overruled.

## Affirmative Action

Interrogatory Number 62 requests that Defendant "list the affirmative steps that Defendant has taken to integrate blacks in to higher skill job titles and descriptions." The Civil Rights Act of 1964, 42 U.S.C. § 2000e–5(f) and (g) authorizes courts to issue injunctive relief and to order such affirmative action as may be appropriate to remedy the effects of unlawful employment practices. *Alexander v. Gardner-Denver Co.*, 415 U.S. 36, 94 S.Ct. 1011, 39 L.Ed.2d 147 (1974). The Court finds this interrogatory to be within the proper scope of discovery and the objection to this interrogatory is overruled.

## Attorneys' Fees and Costs

As the Court has found some merit in Defendant's objections to interrogatories, Plaintiff's request for attorneys' fees and costs with respect to this determination are denied.

## Conclusion

The Court has sustained the Defendant's objections to Interrogatories number 5 and

6 but has found all other interrogatories which have been objected to be within the proper scope of discovery. In its discretion the Court denies Plaintiff's request for attorneys' fees and costs with respect to Plaintiff's Motion to Compel as the Court finds some merit to Defendant's objections. The Defendant will answer interrogatories number 7, 8, 9, 11, 12, 22–41, 45–58, 62, and supplemental interrogatories 1–11 within 20 days from the date of this Order.