GENERAL ELECTRIC CREDIT AND LEASING CORP. OF P.R., INC., demandante y recurrida, *v.* CONCESSIONAIRES, INC., JOSÉ R. MURATTI, demandados y peticionarios; RICOLEASE INVESTMENT MORTGAGE, INC., y NCR CORP. OF P.R., L. S. TECHNOLOGY, INC., ROSS COMPUTER CORP., terceros demandados recurridos.

*Número:* CE-86-151 *Resuelto:* 10 de diciembre de 1986

34 

*Ronald L. Rosenbaum,* de *Woods, Rosembaum, Luckeroth & Pérez González,* abogado de la peticionaria; *Rafael Escalera Rodríguez,* de *Lasa, Escalera & Reichard,* abogado de los recurridos.

LA JUEZ ASOCIADA SEÑORA NAVEIRA DE RODÓN emitió la opinión del Tribunal.

## I

Debemos resolver si en una acción en cobro de dinero donde no se ha puesto en controversia la condición económica de la parte demandada es pertinente y procede el descubrimiento de prueba sobre dicha condición.

El 10 de diciembre de 1984 la demandante recurrida General Electric Credit and Leasing Corp. of P.R., Inc. (en adelante G.E. Credit) presentó una demanda contra los demandados peticionarios, Concessionaires, Inc. y José R. Muratti, en cobro de las mensualidades adeudadas en un contrato de arrendamiento financiero. (1) Los hechos que dieron lugar a la demanda pueden resumirse de la siguiente forma: (i) Ricolease Investment Mortgage, Inc. (en adelante Ricolease), pro-

---

(1)La demandante G.E. Credit alegó que la deuda ascendía a ciento cuarenta y cinco mil seiscientos dieciocho dólares con setenta y dos centavos ($145,618.72), era líquida y exigible, estaba vencida y no había sido pagada, a pesar de haber pedido el pago a los demandados. Los demandados a su vez negaron estas alegaciones, presentaron una reconvención y una demanda contra terceros, en la cual trajeron al pleito a Ricolease y a NCR. Los demandados sostienen en estas alegaciones que el sistema de computadoras y su programación nunca funcionó adecuadamente y que ese equipo no cumplió con las especificaciones y representaciones de los terceros demandados; que la venta del sistema fue realizada de mala fe, con el propósito de engañar y defraudar a Concessionaires, Inc., y que sin éxito habían tratado de devolver el equipo. Reclaman setecientos cincuenta mil dólares ($750,000) por los daños y perjuicios sufridos como consecuencia de estas actuaciones.

Luego se incluyó como terceros demandados a L. S. Technology, Inc. y a Ross Computer Corp. En esta ocasión se solicitaron cincuenta mil dólares ($50,000) adicionales por concepto de daños y perjuicios. El 9 de enero de 1986 la parte demandante presentó una demanda enmendada trayendo al pleito a la sociedad de gananciales compuesta por el señor Muratti y su esposa.

veyó a Concessionaires, Inc. equipo de computadoras y cajas registradoras, a base del contrato indicado; (²) (*ii*) la duración del contrato era de sesenta meses con un canon mensual de $3,054.69; (*iii*) el señor José R. Muratti, actuando en su capacidad de Presidente de Concessionaires, Inc., garantizó personalmente el pago de las mensualidades del referido contrato; (*iv*) finalmente, Ricolease cedió a G.E. Credit el derecho de cobrar las mensualidades del contrato.

La controversia que está ante nuestra consideración comienza cuando G.E. Credit notificó, el 14 de noviembre de 1985, al codemandado Muratti, en su capacidad personal y como representante de Concessionaires, Inc., un aviso de toma de deposición y producción de documentos a celebrarse el 3 de diciembre de 1985. (³) Se requirió al señor Muratti que llevara documentos relacionados con su condición económica, sus bienes muebles e inmuebles y su participación económica en distintas corporaciones. (⁴)

---

(²) El equipo objeto de este contrato fue adquirido por Ricolease de NCR Corporation of Puerto Rico (en adelante NCR).

(³) Oportunamente el demandado señor Muratti presentó una "Oposición" a la producción de documentos, a base de que esa solicitud sólo procedía en una deposición bajo la Regla 51.4 de Procedimiento Civil (Procedimientos Suplementarios a la Ejecución de Sentencia), y que los documentos eran impertinentes. G.E. Credit replicó la moción de oposición e indicó que los documentos solicitados eran pertinentes a la acción de cobro de dinero, pues, "[e]s muy importante determinar si la parte demandada tiene bienes con los cuales responder". Además, expresó que la "parte demandante interesa cobrar su acreencia y no litigar un pleito hasta sus últimas consecuencias si sabe de antemano la imposibilidad de cobrar, por lo que la parte demandada está en la obligación de descubrir los documentos solicitados". También alegaron que necesitaban descubrir prueba sobre los setecientos cincuenta mil dólares ($750,000) reclamados en daños y perjuicios. El tribunal proveyó "No ha lugar" a la moción de oposición y ordenó que se produjeran esos documentos.

(⁴) La propia G.E. Credit describe el contenido de lo requerido de la siguiente forma: "Las preguntas que hiciera la parte demandante se dirigen al descubrimiento de prueba relacionadas con la participación del demandado José R. Muratti y de Concessionaires, Inc. en otras corporaciones íntimamente relacionadas entre sí y del descubrimiento de prueba relacionado

La toma de deposición se celebró según pautada. Durante la misma el señor Muratti objetó y se negó a contestar las preguntas relacionadas con su condición económica y sus bienes. (⁵) Luego de varias mociones presentadas por la demandante y los demandados en relación con la negativa del señor Muratti a contestar dichas preguntas, el tribunal resol-

---

con los bienes de los demandados, sus participaciones en otras corporaciones, entidades, sociedades y de la sociedad legal de gananciales constituid[a] por el [señor] Muratti y su cónyuge. También el interrogatorio va dirigido a descubrir prueba sobre la existencia de bienes sobre los cuales la parte demandante pueda ejecutar la sentencia que muy probablemente se obtenga en este pleito." Apéndice, pág. 33.

(⁵) El señor Muratti se negó a contestar las siguientes preguntas:

"1. Si anteriormente estuvo casado o no.

"2. ¿De quién es la casa en que reside localizada en . . . San Patricio, Guaynabo, P.R.?

"3. ¿Dónde están las acciones que José Muratti tiene en la Corporación Cangrejera, Inc.?

"4. ¿Qué participación tuvo o tiene en la corporación Minnesota Development?

"5. Si los incorporadores de Concessionaires, Inc., Minnesota Marketing, Inc. y la Corporación Agrícola de Alimentos del Oeste son los mismos.

"6. ¿En qué banco garantizó alguna de las deudas de las corporaciones anteriores?

"7. Si al momento de garantizar la deuda que es objeto de este pleito, tenía alguna propiedad que pudiera dar en garantía.

"8. ¿Qué propiedades inmuebles tiene?

"a. Sobre la casa en . . . San Patricio.

"b. Sobre el apartamento en Jardines Metropolitanos . . . .

"c. Si es dueño o fue dueño de una parcela en el Barrio Pitahaya de Luquillo.

"9. Sobre qué corporaciones o sociedades tiene él algún interés.

"10. Si conoce la corporación Ted Lapidus Bull Harvard, Inc. de Chicago?

"11. ¿Cuántos automóviles posee?

"12. ¿Qué cuentas tiene por cobrar?

"13. ¿Cuáles son las fuentes actuales de ingreso?

"14. ¿Qué otros procedimientos judiciales se están siguiendo en su contra?

"15. ¿Qué relación tiene ahora con Concessionaires, Inc?" Apéndice, pág. 32.

vió que venía obligado a contestar las preguntas objetadas. ([6])
De esta resolución recurren los demandados mediante solicitud
de *certiorari* en la que alegan que erró el tribunal de instancia
al ordenar el descubrimiento de prueba indicado. G.E. Credit
compareció para oponerse a la expedición del recurso. Estamos
en condiciones de resolver la controversia sometida, y así pro-
cedemos a hacerlo a base de la Regla 50 del Reglamento de
este Tribunal.

## II

Recientemente reiteramos "que un amplio y liberal
descubrimiento de prueba es 'la médula del esfuerzo de des-
truir de una vez y para siempre la deportiva teoría de justi-
cia' que tanto mina la fe del pueblo en el sistema judicial . . . .
'[U]n sistema liberal de descubrimiento de pruebas antes del
juicio facilita la tramitación de los pleitos y evita inconve-
nientes, sorpresas e injusticias que surgen cuando las partes
ignoran hasta el día de la vista las cuestiones y los hechos que
en realidad son objeto del litigio.' . . . Bien utilizado el descu-
brimiento de prueba acelera los procedimientos, propicia las
transacciones y evita sorpresas indeseables en el juicio".
(Citas omitidas.) *Lluch* v. *España Service Sta.*, 117 D.P.R.
729, 743 (1986).

El alcance amplio del descubrimiento de prueba está
bien establecido en la Regla 23.1 (a) de Procedimiento Civil,

---

([6]) El demandante presentó una "Moción requiriendo [*sic*] orden que
ordene [*sic*] contestaciones a interrogatorio en toma de deposición". El de-
mandante fundamentó su moción en la doctrina liberal que rige el descubri-
miento de prueba. El peticionario señor Muratti presentó una "Oposición y
moción bajo la Regla 23.2 (g)", en la cual solicitó que se denegara la moción
del demandante. A esta oposición el tribunal dispuso "nada que proveer" el
22 de enero de 1986. El demandante presentó una réplica a oposición y mo-
ción bajo la Regla 23.2 (g), antes de notificarse la orden anterior, en la cual
solicitó que se ordenara la contestación al interrogatorio y se dispusiera sin
lugar la moción del demandado. A esta moción el tribunal dispuso "como se
pide". El peticionario Muratti presentó una solicitud de reconsideración a la
orden anterior. Esta última moción también fue denegada.

32 L.P.R.A. Ap. III; ([7]) ésta contiene sólo dos limitaciones: (1) que la información solicitada no sea materia privilegiada, y (2) que la misma sea pertinente al asunto en controversia. *Rodríguez* v. *Scotiabank de P.R.*, 113 D.P.R. 210, 212 (1982); *Rivera Alejandro* v. *Algarín*, 112 D.P.R. 830 (1982); *Ades* v. *Zalman*, 115 D.P.R. 514 (1984); *Ward* v. *Tribunal Superior*, 101 D.P.R. 865 (1974); *Sierra* v. *Tribunal Superior*, 81 D.P.R. 554 (1951). El tribunal a su vez tiene amplia discreción, conforme los criterios rectores de la Regla 23.2 ([8]), para

---

([7]) La Regla 23.1 (a), 32 L.P.R.A. Ap. III, dispone:

"Las partes podrán hacer descubrimiento sobre cualquier materia, no privilegiada, que sea pertinente al asunto en controversia en el pleito pendiente, ya se refiera a la reclamación o defensa de cualquier otra parte, incluyendo la existencia, descripción, naturaleza, custodia, condición y localización de cualesquiera libros, documentos u otros objetos tangibles y la identidad y dirección de personas que conozcan hechos pertinentes. No constituirá objeción el que la información solicitada sea inadmisible en el juicio, siempre que exista una probabilidad razonable de que dicha información conduzca al descubrimiento de evidencia admisible."

([8]) La Regla 23.2 (32 L.P.R.A. Ap. III) dispone:

"A solicitud de parte o de la persona en relación con la cual se utiliza el descubrimiento, y por justa causa, el tribunal podrá emitir cualquier orden que se requiera en justicia para proteger a dicha parte o persona de hostigamiento, perturbación u opresión, así como de cualquier gasto o molestia indebido. La orden del tribunal podrá incluir una o más de las siguientes medidas:

"(a) que no se lleve a cabo el descubrimiento;

"(b) que el descubrimiento se realice de conformidad con los términos y condiciones que se dispongan, incluyendo la designación de fecha y sitio;

"(c) que se lleve a cabo el descubrimiento por un método diferente al seleccionado por la parte que lo interesa;

"(d) que no se lleve a cabo el descubrimiento de ciertas materias o que se limite el alcance de las mismas;

"(e) que se realice el descubrimiento en presencia de aquellas personas autorizadas para ello por el tribunal;

"(f) que una deposición, una vez sellada, sea abierta únicamente por orden del tribunal;

"(g) que un secreto comercial u otra información confidencial no sea divulgada o que lo sea únicamente bajo ciertas condiciones;

"(h) que las partes presenten simultáneamente, en sobre sellado, determinados documentos o informes para ser abiertos de acuerdo con las instrucciones del tribunal."

proteger a las partes o a otras personas objeto del descubrimiento de hostigamiento, perturbación u opresión, así como de cualquier gasto o molestia indebida. Cuando se esté ante esas circunstancias, el tribunal podrá limitar el alcance y los mecanismos de descubrimiento de prueba a utilizarse. *Sierra* v. *Tribunal Superior*, supra, pág. 562; *Rodríguez* v. *Scotiabank de P.R.*, supra, pág. 216.

■ Como regla general el concepto de pertinencia para propósitos del descubrimiento de prueba, aunque impreciso, debe ser interpretado en términos amplios. *Sierra* v. *Tribunal Superior*, supra, pág. 573; también véanse: *Oppenheimer Fund, Inc.* v. *Sanders*, 437 U.S. 340, 351 (1978); 8 *Wright & Miller, Federal Practice and Procedure: Civil* Sec. 2008 (1970).

■ Al determinar la pertinencia de la información "[e]l criterio . . . bajo [la Regla 23.1(a) nuestra y la 26(b)(1) federal] es reconocidamente más amplio que el utilizado para resolver problemas de admisibilidad de prueba bajo las Reglas de Evidencia. Para que una materia pueda ser objeto de descubrimiento, *basta con que exista una posibilidad razonable de relación con el asunto en controversia*". (Énfasis suplido.) *Rodríguez* v. *Scotiabank de P.R.*, supra, págs. 212–213; *Rivera Alejandro* v. *Algarín*, supra, págs. 833–834; *Wright & Miller, op. cit.*, Sec. 2008, págs. 41–42, 46–48; 4 *Moore's Federal Practice* Secs. 26.55[1], 26.56[4] (2da ed. 1986).

■ Sin embargo, esto no significa que el ámbito del descubrimiento de prueba sea ilimitado. El concepto de pertinencia tiene que interpretarse de manera cónsona con el principio rector de las reglas procesales: lograr la solución de las controversias de forma justa, rápida y económica. A tono con esta norma se ha resuelto, bajo disposiciones similares a nuestra Regla 23.1(a), que, como regla general, no procede el descubrimiento de información relacionada con la condición

económica de los demandados en casos de daños y perjuicios.[9] *Rupe* v. *Fourman*, 532 F. Supp. 344 (D.C. Ohio 1981) ; *Johnson* v. *W. H. Stewart Co.*, 75 F.R.D. 541 (D.C. Okla. 1976) ; *Hillman* v. *Penny*, 29 F.R.D. 159 (D.C. Tenn. 1962) ; *Leidholt* v. *District Court, Etc.*, 619 P.2d 768, 770 (Colo. 1980) ; *Calderwood* v. *Calderwood*, 327 A.2d 704, 706 (N.H. 1974) ; *Doak* v. *Superior Court for County of Los Angeles*, 65 Cal. Rptr. 193 (Cal. App. 1968) ; *Sawyer* v. *Boufford*, 312 A.2d 693 (N.H. 1973) ; *Grant* v. *Huff*, 178 S.E.2d 734, 735 (Ga. 1970) ; *Great American Insurance Company* v. *Murray*, 437 S.W.2d 264, 266 (Tex. 1969) ; *Wright & Miller, op. cit.*, Sec. 2010, págs. 85, 93; Nota, *The Use of Evidence of Wealth in Assessing Punitive Damages in New York: Rupert* v. *Sellers*, 44 Alb. L. Rev. 422 (1980) ; S. E. Woodbury, *Limiting Discovery of Defendant's Wealth When Punitive Damages are Alleged*, 23 Duq. L. Rev. 349 (1985). En acciones de cobro de dinero se ha negado el descubrimiento de prueba relacionado con información sobre las transacciones económicas del deudor con terceros cuando esa información no es pertinente o no está relacionada con la causa de acción. *Blumenthal* v. *Lukacs*, 2 F.R.D. 427 (D.C. S.D.N.Y. 1942).

También, se ha resuelto que este tipo de descubrimiento no se justifica cuando la razón adelantada es descubrir la capacidad del deudor de poder satisfacer la sentencia que pueda recaer contra él. *Ranney-Brown Distributors* v. *E. T.*

---

[9] En las jurisdicciones donde se conceden daños punitivos se permite descubrir la información descrita con fuertes limitaciones en el procedimiento. *Rupert* v. *Sellers*, 368 N.Y.S.2d 904 (1975) ; *Doak* v. *Superior Court for County of Los Angeles*, 65 Cal. Rptr. 193 (Cal. App. 1968) ; 8 *Wright & Miller, Federal Practice and Procedure: Civil* Sec. 2008 (1970) ; *Leidholt* v. *District Court, Etc.*, 619 P.2d 768 (Colo. 1980) ; Nota, *The Use of Evidence of Wealth in Assessing Punitive Damages in New York: Rupert* v. *Sellers*, 44 Alb. L. Rev. 422 (1980), y S. E. Woodbury, *Limiting Discovery of Defendant's Wealth When Punitive Damages Are Alleged*, 23 Duq. L. Rev. 349 (1985).

*Barwick*, 75 F.R.D. 3 (D.C. Ohio 1977) ; ([10]) *Great American Insurance Company* v. *Murray*, supra, pág. 266; *Sawyer* v. *Boufford*, supra, págs. 694–695. Se ha rechazado autorizar ese descubrimiento para fomentar transacciones. *Doak* v. *Superior Court for County of Los Angeles*, supra; *Sawyer* v. *Boufford*, supra, pág. 695. Cuando la condición económica de la parte no es un elemento de la reclamación o se estipuló la suficiencia de dicha situación económica, tampoco procede ese descubrimiento. *Calderwood* v. *Calderwood*, supra, pág. 706.

En *Rodríguez* v. *Scotiabank de P.R.*, supra, págs. 216–217, dijimos que: "[a]unque exista la requerida pertinencia, el derecho a la intimidad que nuestra Constitución reconoce, exige que se proteja al promovido, en palabras de la Regla 23.2 de Procedimiento Civil, contra la opresión, el hostigamiento, la perturbación, las molestias o los gastos indebidos. Sólo se debe hacer disponible la información estrictamente pertinente. El método de descubrimiento puede alterarse. Aun puede prohibirse el descubrimiento cuando los fines de la justicia claramente lo requieran. La acción a tomar dependerá de las circunstancias particulares de cada caso." Véanse también: *Hillman* v. *Penny*, supra, pág. 161; ([11]) *Saw-*

---

([10]) En el caso *Ranney-Brown Distributors* v. *E. T. Barwick*, 75 F.R.D. 3, 5 (D.C. Ohio 1977), se expresó:

"*Ordinarily, Rule 26 will not permit the discovery of facts concerning a defendant's financial status, or ability to satisfy a judgment, since such matters are not relevant, and cannot lead to the discovery of admissible evidence.* However, having recovered judgment, Barwick may execute on its judgment and inquire as to the escrowed funds in proceedings in aid of execution pursuant to Rule 69. The judgment creditor is permitted discovery in order that he may find out what assets exist or have been fraudulently transferred. In addition, ̀he may use the discovery mechanisms provided under state practice. Fed.R.Civ.P.Proc. 69; 12 Wright and Miller Sec. 3014 (1973) . . . . However, there is no need to rule on this matter at the present time, because no proceedings in aid of execution have been instituted. Such proceedings may or may not be instituted." (Énfasis suplido.)

([11]) En el caso *Hillman* v. *Penny*, 29 F.R.D. 159, 161 (D.C. Tenn. 1962), se expresó:

*yer* v. *Boufford,* supra, pág. 695; *Doak* v. *Superior Court for County of Los Angeles,* supra; J. Swanson, *Privacy Limitations on Civil Discovery in Federal and California Practice,* 17 Pac. L.J. 1 (1985). Por todo lo anterior, resolvemos que el descubrimiento de prueba relacionado con la condición económica de alguna de las partes no deberá permitirse, excepto cuando dicha condición esté en controversia, y aun en esas circunstancias el tribunal podrá limitarlo a aquello que sea estrictamente necesario.

## III

G.E. Credit no ha demostrado que la condición económica del codemandado señor Muratti esté en controversia ni que esté relacionada con la materia que es objeto del pleito. Ninguna de las reclamaciones presentadas, la de cobro de dinero y la reconvención sobre daños y perjuicios, requieren la producción de información sobre la condición económica del señor Muratti. El demandante sólo tiene que probar que existe una deuda válida, que la misma no se ha pagado, que él es el acreedor y los demandados sus deudores. El derecho vigente no exige como elemento de una acción de cobro que el

---

"It seems to the Court that not only is such inquiry going considerably astray from the issues of liability and damages, *but that the plaintiff's interests in and reasons for acquiring this information are considerably outweighed by the defendant's right to privacy and right to refrain from disclosing his confidential affairs until such time as such disclosure may be relevant or necessary in the interests of justice.* It seems to the Court that the interpretation contended for by the plaintiff would unduly invade the right of privacy prior to a determination of any liability. A groundless claim might then become the vehicle for making full inquiry into all of the confidential financial affairs of any luckless defendant involved in an automobile accident. It is more reasonable to believe that such a result was not contemplated in the drafting and adoption of the rules. *The right to individual privacy is of necessity being curtailed and reduced with the growth of the population and government in general. The courts should not unnecessarily contribute to this process. This Court does not believe that even a liberal interpretation of Rule 26(b), F.R.C.P., requires any different result.*" (Énfasis nuestro.)

deudor tenga bienes para pagar la sentencia. Lo mismo sucede con la reconvención de daños y perjuicios. El reconvencionista señor Muratti no alegó como daño ningún menoscabo en su situación económica, no puso su condición económica en controversia. Por más amplio y liberal que interpretemos los requirimientos en este descubrimiento, la información solicitada no es pertinente y tampoco se nos ha puesto en posición de determinar que conduciría al descubrimiento de prueba pertinente. El descubrimiento solicitado podría quizás proceder como un incidente relacionado con la solicitud de un remedio provisional al amparo de la Regla 56 de Procedimiento Civil, 32 L.P.R.A. Ap. III, o en auxilio de la ejecución de una sentencia que declare deudor al demandado. Regla 51.4 (32 L.P.R.A. Ap. III) ;(¹²) *Hernández Rodríguez* v. *Tribunal Superior*, 87 D.P.R. 77, 80 (1963).

 Los argumentos de la demandante G.E. Credit de que "interesa cobrar su acreencia y no litigar un pleito hasta sus últimas consecuencias si sabe de antemano la imposibilidad de cobrar", y que por lo tanto debe permitirse el descubrimiento de la información económica del codemandado señor Muratti no son hechos pertinentes para fines del descubrimiento de prueba en este caso. Ese descubrimiento, además de no ser pertinente, constituiría hostigamiento, perturbación y molestias indebidas. El tribunal de instancia abusó de su

---

(¹²) Esta regla dispone:

"El acreedor declarado tal por la sentencia, o su cesionario, podrá en auxilio de la sentencia o de su ejecución, interrogar a cualquier persona, incluyendo al deudor declarado tal en la sentencia, de acuerdo con lo dispuesto en estas reglas para la toma de deposiciones. Si la deposición fuere mediante preguntas escritas, la citación para la toma de la deposición podrá disponer que no es necesaria la comparecencia personal del deudor o deponente en virtud de la citación, siempre que con anterioridad a la fecha fijada para la toma de la deposición, éste haga entrega al acreedor por la sentencia o a su abogado de sus contestaciones juradas a las preguntas escritas que se le hubieren notificado. El tribunal podrá dictar cualquier orden que considere justa y necesaria para la ejecución de una sentencia."

discreción al no emitir una orden protectora que eliminara del descubrimiento las preguntas relacionadas con la condición económica del señor Muratti. (¹³)

Por todo lo anterior, *se expedirá el auto, se dictará sentencia que revoque las órdenes de 29 de enero y 14 de febrero de 1986 del tribunal de instancia y se devolverá el caso para que continúen los procedimientos de forma cónsona con esta opinión.*

El Juez Presidente Señor Pons Núñez está conforme, aclarando que a su juicio en el caso no se plantea cuestión constitucional alguna relativa al derecho a la intimidad. El Juez Asociado Señor Negrón García concurre en el resultado sin opinión escrita.

---

(¹³) Una órden protectora es el mecanismo apropiado para proteger a las partes de requerimientos indebidos que invadan su derecho a la intimidad. *Rodríguez* v. *Scotiabank de P.R.*, 113 D.P.R. 210, 216–217 (1982); *cf. Seattle Times Co.* v. *Rhinehart*, 467 U.S. 20 (1984).