Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
Panel XII

| | | |
|---|---|---|
| SIXTO GUZMÁN MERCADO<br>Apelado<br><br>v.<br><br>JUANA MARÍA SANTANA GONZÁLEZ<br>Apelante | TA2026AP00088 | Apelación procedente del Tribunal de Primera Instancia, Sala de San Juan<br><br>Caso Núm. SJ2025CV011307<br><br>Sobre:<br>Desahucio y Cobro de Dinero |

Panel integrado por su presidente, el Juez Candelaria Rosa, el Juez Adames Soto, el Juez Campos Pérez y la Jueza Trigo Ferraiuoli

Adames Soto, Juez Ponente

## **SENTENCIA**

En San Juan, Puerto Rico, a 18 de febrero de 2026.

Comparece la señora Juana María Santana González (señora Santana González, arrendataria o apelante), a través de recurso de *apelación*, solicitando que revoquemos una *Sentencia* emitida por el Tribunal de Primera Instancia, Sala de San Juan (TPI), el 14 de enero de 2026. Mediante dicho dictamen el foro apelado declaró Ha Lugar la *Demanda* de desahucio y cobro de dinero que presentó el señor Sixto Guzmán Mercado (señor Guzmán Mercado o apelado), en contra de la señora Santana González. En consecuencia, el TPI ordenó a la señora Santana pagar mil novecientos cincuenta dólares ($1,950.00) por los cánones de arrendamiento adeudados, y mil dólares ($1,000.00) en gastos y honorarios pactados en el *Contrato de Arrendamiento* a favor del señor Guzmán Mercado.

Sin embargo, la apelante nos plantea que incidió el TPI al ordenar el pago por canon de arrendamiento del mes de enero, en tanto al momento de la celebración del juicio no se encontraba vencido.

No nos persuade, *confirmamos*.

## I. Resumen del tracto procesal

El señor Guzmán Mercado instó *Demanda* de desahucio y cobro de dinero contra la señora Santana González, el 19 de diciembre de 2025, bajo el proceso sumario dispuesto por la Regla 60 de Procedimiento Civil, *infra*. En la *Demanda* afirmó ser dueño de una propiedad, cita en Villa Palmeras, San Juan, que cedió en arrendamiento a la parte apelante-arrendataria, acordando un canon de $650.00 mensuales. Sin embargo, adujo que, luego de la arrendataria haber hecho un pago adelantado por los cánones correspondientes a septiembre y octubre de 2025, no volvió a hacer pago alguno en los meses subsiguientes, a pesar de haber sido requerido su cumplimiento. En específico, alegó que, al momento de la presentación de la *Demanda*, la apelante debía los pagos por arrendamiento de noviembre y diciembre de 2025. Ante lo cual solicitó al Tribunal que ordenara: el pago de lo debido, el desahucio de la señora Santana González y el pago de mil dólares en concepto de gastos, costas y honorarios de abogado.

Posteriormente, el 13 de enero de 2026, el señor Guzmán Mercado presentó una *Moción Informativa* a los fines de anejar copia del *Contrato de Arrendamiento* al que aludió en la *Demanda*.

Luego de que la señora Guzmán Mercado compareciera ante el TPI solicitando que se le permitiera continuar el proceso *in forma pauperis*, a lo que el Tribunal accedió, dicho foro pautó la celebración de la vista en su fondo de manera virtual para el 14 de enero de 2026.

En efecto, la vista en su fondo fue celebrada según pautada, contando con la asistencia virtual de las partes, siendo representado el apelado por un abogado, mientras que la apelante se representó a sí misma. Según surge de la *Minuta* donde se recogieron las incidencias acontecidas en la vista, fue presentada prueba documental y testifical por parte del señor Guzmán Mercado. Entonces, interrogada por el Tribunal, la apelante, en lo pertinente, expresó que: interesaba que se bajara la renta, si se llevaban a cabo ciertas reparaciones; que se allanaba al desahucio;

interesaba que no se le cobraran los honorarios de abogado; mencionó que *si existía una deuda sería del mes de enero en adelante.*[1]

Así las cosas, según adelantamos, el TPI emitió la *Sentencia* cuya modificación solicita la parte apelante. En su dictamen el foro apelado indicó haber sopesado la prueba documental presentada (el contrato de arrendamiento), junto a la testifical (el testimonio del señor Guzmán Mercado), considerando el comportamiento del testigo y asignando la credibilidad que le mereció. Entonces, procedió a plasmar varias determinaciones de hechos, de entre las cuales resaltamos la sexta por su pertinencia; "[a]l momento de la fecha de celebrado el juicio en su fondo, la [señora Santana] adeuda el pago de los meses de noviembre, diciembre de 2025 **y enero de 2026** con relación al Contrato de Arrendamiento".[2] (Énfasis provisto). Más adelante en la propia Sentencia reiteró su determinación de que la señora Santana González se encontraba ocupando el inmueble arrendado sin un contrato de arrendamiento vigente, e incumplido con el pago de los cánones de noviembre-diciembre de 205, y de enero de 2026. Por tanto, al declarar *Ha Lugar* la *Demanda* de desahucio y cobro de dinero, ordenó a la señora Santana a pagar mil novecientos cincuenta dólares ($1,950.00) por los cánones adeudados, por los meses debido, y mil dólares ($1,000.00) en gastos y honorarios, según fueron pactados en el contrato de arrendamiento suscrito por las partes. Dispuso el tribunal *a quo,* relevar a la apelante del requisito de prestar fianza para poder presentar una apelación.

Inconforme, la señora Santana González presentó una *Moción* de reconsideración, que fue denegada la cual el TPI declaró *Sin Lugar.* Por tanto, acudió ante nosotros señalando la comisión del siguiente error:

> **PRIMER ERROR:** La demanda presentada por el demandante solo reclamaba los cánones correspondientes a los meses de noviembre y diciembre de 2025, por el total de $1,300. En la sentencia, el tribunal adjudicó adicionalmente el mes de enero de 2026, el cual no era deuda líquida, vencida y exigible al momento de radicar la

---

[1] Entrada Núm. 12 de SUMAC.
[2] Entrada Núm. 13 de SUMAC, pág. 2.

demanda. Esto constituye un error de derecho y *ultra petita* al concederse un remedio no solicitado en la demanda original.

En respuesta, el apelado presentó una *Moción Solicitando Desestimación por Falta de Jurisdicción*, que declaramos *No Ha Lugar*.

Finalmente, habiéndole concedido término para ello, el señor Guzmán presentó *Alegato de la Parte Apelada*.

Con el beneficio de la comparecencia de las partes, estamos en posición de disponer de este recurso.

**II. Exposición de Derecho**

a.

La Regla 60 de Procedimiento Civil, 32 LPRA Ap. V, R. 60, establece un proceso sumario para resolver reclamaciones de deudas que no excedan los quince mil dólares ($15,000.00), excluyendo los intereses. La referida regla se creó con el propósito de agilizar y simplificar los procedimientos en reclamaciones por cuantías pequeñas, para facilitar el acceso a los tribunales y lograr una solución rápida, justa y económica. *Asoc. Res. Colinas Metro v. S.L.G.,* 156 DPR 88, 97 (2002).

Por otro lado, en una acción de cobro de dinero, **el demandante tiene que probar** ser el acreedor de una deuda líquida, vencida y exigible. *General Electric v. Concessionaires, Inc.,* 118 DPR 32, 43 (1986). (Énfasis provisto). Respecto a ello, nuestro Tribunal Supremo expresó:

> El vocablo "líquida" en relación con una cuenta, en lenguaje corriente significa el saldo "o residuo de cuantía cierta que resulta de la comparación del cargo con la data". Y la voz "exigible" refiriéndose a una obligación, significa que puede demandarse su cumplimiento. *Guadalupe v. Rodríguez,* 70 DPR 958, 966-967 (1950).

**La deuda es "líquida" cuando la cuantía de dinero debida es "cierta" y "determinada".** *Ramos y otros v. Colón y otros,* 153 DPR 534, 546 (2001), citando a M.A. Del Arco Torres y M. Pons González, *Diccionario de Derecho Civil,* Navarra, Ed. Aranzadi, 1984, T. II, pág. 168 y a *Freeman v. Tribunal Superior,* 92 DPR 1, 25 (1965). (Énfasis suplido). Por su parte, **la deuda es "exigible" cuando** la obligación no está sujeta a una causa de

nulidad y **puede demandarse su cumplimiento**. *Guadalupe v. Rodríguez,* supra. (Énfasis suplido).

b.

A tenor con la Regla 13.2 de Procedimiento Civil, 32 LPRA Ap. V, R. 13.2, "cuando con el consentimiento expreso o implícito de las partes se sometan a juicio cuestiones no suscitadas en las alegaciones, aquéllas se considerarán para todos los efectos como si se hubieran suscitado en las alegaciones". Además, se indica en la misma regla que:

> [s]i se objeta la evidencia en el juicio por el fundamento de ser ajena a las cuestiones suscitadas en las alegaciones, el tribunal podrá permitir las enmiendas, siempre que con ello se facilite la presentación del caso y la parte que presente la enmienda demuestre justa causa por la cual no pudo presentar la enmienda en el momento oportuno del proceso y que la admisión de tal prueba no perjudicará la reclamación o defensa de la otra parte. *Id.*

Es decir, "las alegaciones no solamente se enmiendan expresamente, o sea, enmendando la alegación mediante otro escrito, sino que se enmiendan también por la prueba que se presente en juicio". R. Hernández Colón, *Práctica Jurídica de Puerto Rico, Derecho Procesal Civil*, 5ta ed., LexisNexis, pág. 258.

**III. Aplicación del Derecho a los hechos**

Según adelantamos, la señora Santana González arguye que se equivocó el TPI al ordenarle el pago del canon de arrendamiento por el mes de enero de 2026, por cuanto al momento de la presentación de la *Demanda* y posterior celebración del juicio, dicha deuda no era líquida, vencida ni exigible.

Sin embargo, dos asuntos se interponen a la teoría jurídica esgrimida por la apelante. El primero de estos es que el TPI dejó constancia en su *Sentencia* de haber escuchado prueba testifical sobre los meses adeudados en concepto de cánones de arrendamiento, a la que concedió credibilidad, y expresamente incluyó entre tales cantidades la deuda correspondiente a enero de 2026. Tal como citamos, la Regla 13.2 de Procedimiento Civil,

*supra*, posibilita la enmienda a las alegaciones durante el juicio, de modo que cabe esperar que el TPI escuchase prueba acerca de la deuda de enero de 2026, a partir de lo cual diera por enmendada la *Demanda* que se presentó antes del vencimiento de dicho mes. En cualquier caso, respecto a ello, en ausencia de una transcripción de la prueba testifical desfilada ante el TPI, por lo que carecemos de elementos para subvertir la conclusión del foro apelado sobre la deuda de enero de 2026. Es decir, estamos impedidos de especular sobre qué prueba testifical tuvo ante su consideración el foro primario para concluir que la deuda por canon de arrendamiento de enero de 2026 se encontraba vencida. A ello se une que de la *Minuta* donde se recogieron los aconteceres del juicio en su fondo surge que la apelante admitió que debía el pago por arrendamiento de enero de 2026.[3]

Por otra parte, del propio *Contrato de Arrendamiento* admitido como *exhibit* surge entre las condiciones de pago establecidas que, el canon de arrendamiento correspondiente a cada mes sería pagado *por adelantado,* el día 25 del mes anterior. En concreto, la cláusula C del referido *Contrato* establecía que "[e]l canon de arrendamiento lo será la suma de SEISCIENTOS CINCUENTA ($650.00) DOLARES [*sic*] mensuales, pagadores por meses adelantados todos los días 25 de cada mes".[4] En consecuencia, por virtud de la letra del acuerdo de arrendamiento, a la fecha de la *Sentencia* emitida el 14 de enero de 2026, la señora Santana debía el pago por adelantado de enero de 2026.

En definitiva, el error señalado no fue cometido.

**IV. Parte dispositiva**

Por los fundamentos expuestos, *confirmamos* la *Sentencia* apelada.

Lo acordó y manda el Tribunal y lo certifica su Secretaria.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[3] Entrada Núm. 12 de SUMAC.
[4] *Contrato de Arrendamiento*, Entrada 6 de SUMAC (TPI), anejo 1, página 1.